**General Docket**
**United States Bankruptcy Appellate Panel**

| | |
|---|---|
| **Bankruptcy Appellate Panel Docket #:** 24–11 | **Docketed:** 06/25/2024 |
| In re: Charles Muszynski v. Roberto Roman Valentin | **Termed:** 03/07/2025 |
| **Appeal From:** Bankruptcy Court – San Juan Puerto Rico | |
| **Fee Status:** filing fee paid | |

**Case Type Information:**
    **1)** bankruptcy appellate panel
    **2)** Chapter 7 Non–Business
    **3)** nothing

**Originating Court Information:**
    **District:** 0104–3 : 23–02870–MCF
    **Ordering Judge:** Mildred Caban
    **Date Filed:** 05/11/2023

**Prior Cases:**
    None

**Current Cases:**
    None

**Panel Assignment:**
    **Panel:** PGC    CJP    EDK
    **Date of Hearing:** 02/03/2025      **Date of Decision:**

In re: CHARLES MUSZYNSKI
        Debtor

_____

| | |
|---|---|
| CHARLES MUSZYNSKI<br>      Debtor – Appellant | Charles Muszynski<br>Direct: 424–333–0569<br>[NTC Pro Se]<br>P.O. Box 1423<br>Basseterre, St. Kitts & Nevis,<br>West Indies |
| v. | |
| ROBERTO ROMAN–VALENTIN, Chapter 7 Trustee<br>      Trustee – Appellee | ROBERTO ROMAN–VALENTIN, Bankruptcy Counsel<br>[COR NTC Government – Other]<br>Office of U.S. Trustee<br>Firm: 787.740.6011<br>PO BOX 9024003<br>San Juan, PR 00902–4003 |
| 42 VENTURES, LLC<br>      Creditor – Appellee | Kerry Steven Culpepper<br>Direct: 808–464–4047<br>[COR NTC Retained]<br>Culpepper Ip, Lllc<br>B204<br>75–170 Hualalai Road<br>Kailua Kona, HI 96740 |
| AMBI DISTRIBUTION CORP., on behalf of itself and as<br>successor in interest to Paradox Studios, Rupture CAL, Inc.,<br>FSMQ Film, LLC, and FW Productions, LLC<br>      Creditor – Appellee | Kerry Steven Culpepper<br>Direct: 808–464–4047<br>[COR NTC Retained]<br>(see above) |
| AFTER II MOVIE, LLC<br>      Creditor – Appellee | Kerry Steven Culpepper<br>Direct: 808–464–4047<br>[COR NTC Retained]<br>(see above) |
| AFTER PRODUCTIONS, LLC<br>      Creditor – Appellee | Kerry Steven Culpepper<br>Direct: 808–464–4047<br>[COR NTC Retained]<br>(see above) |
| BADHOUSE STUDIOS, LLC<br>      Creditor – Appellee | Kerry Steven Culpepper<br>Direct: 808–464–4047<br>[COR NTC Retained]<br>(see above) |

BODYGUARD PRODUCTIONS, INC.
    Creditor – Appellee

Kerry Steven Culpepper
Direct: 808–464–4047
[COR NTC Retained]
(see above)

COLOSSAL MOVIE PRODUCTIONS, LLC
    Creditor – Appellee

Kerry Steven Culpepper
Direct: 808–464–4047
[COR NTC Retained]
(see above)

DALLAS BUYERS CLUB, LLC
    Creditor – Appellee

Kerry Steven Culpepper
Direct: 808–464–4047
[COR NTC Retained]
(see above)

DEFINITION DELAWARE LLC
    Creditor – Appellee

Kerry Steven Culpepper
Direct: 808–464–4047
[COR NTC Retained]
(see above)

GLACIER FILMS 1, LLC
    Creditor – Appellee

Kerry Steven Culpepper
Direct: 808–464–4047
[COR NTC Retained]
(see above)

HANNIBAL CLASSICS INC.
    Creditor – Appellee

Kerry Steven Culpepper
Direct: 808–464–4047
[COR NTC Retained]
(see above)

HANNIBAL MEDIA, INC., on behalf of itself and as
successor in interest to I Am Wrath Production, Inc. and
Justice Everywhere Productions LLC
    Creditor – Appellee

Kerry Steven Culpepper
Direct: 808–464–4047
[COR NTC Retained]
(see above)

KILLING LINK DISTRIBUTION, LLC
    Creditor – Appellee

Kerry Steven Culpepper
Direct: 808–464–4047
[COR NTC Retained]
(see above)

LHF PRODUCTIONS, INC.
    Creditor – Appellee

Kerry Steven Culpepper
Direct: 808–464–4047
[COR NTC Retained]
(see above)

MON, LLC
    Creditor – Appellee

Kerry Steven Culpepper
Direct: 808–464–4047
[COR NTC Retained]
(see above)

MILLENNIUM FUNDING, INC., (on behalf of itself and as
successor in interest to Creditor LF2 Productions, Inc.)
        Creditor – Appellee

Kerry Steven Culpepper
Direct: 808–464–4047
[COR NTC Retained]
(see above)

MILLENNIUM IP, INC.
        Creditor – Appellee

Kerry Steven Culpepper
Direct: 808–464–4047
[COR NTC Retained]
(see above)

MILLENNIUM MEDIA, INC.
        Creditor – Appellee

Kerry Steven Culpepper
Direct: 808–464–4047
[COR NTC Retained]
(see above)

MORGAN CREEK PRODUCTIONS, INC.
        Creditor – Appellee

Kerry Steven Culpepper
Direct: 808–464–4047
[COR NTC Retained]
(see above)

NIKOLA PRODUCTIONS, INC.
        Creditor – Appellee

Kerry Steven Culpepper
Direct: 808–464–4047
[COR NTC Retained]
(see above)

OUTPOST PRODUCTIONS, INC.
        Creditor – Appellee

Kerry Steven Culpepper
Direct: 808–464–4047
[COR NTC Retained]
(see above)

RAMBO V PRODUCTIONS, INC.
        Creditor – Appellee

Kerry Steven Culpepper
Direct: 808–464–4047
[COR NTC Retained]
(see above)

SF FILM, LLC
        Creditor – Appellee

Kerry Steven Culpepper
Direct: 808–464–4047
[COR NTC Retained]
(see above)

SCREEN MEDIA VENTURES, LLC
        Creditor – Appellee

Kerry Steven Culpepper
Direct: 808–464–4047
[COR NTC Retained]
(see above)

SPEED KILLS PRODUCTIONS, INC.
        Creditor – Appellee

Kerry Steven Culpepper
Direct: 808–464–4047
[COR NTC Retained]
(see above)

STATE OF THE UNION DISTRIBUTION AND
COLLECTIONS, LLC
       Creditor – Appellee

Kerry Steven Culpepper
Direct: 808–464–4047
[COR NTC Retained]
(see above)

VENICE PI, LLC
       Creditor – Appellee

Kerry Steven Culpepper
Direct: 808–464–4047
[COR NTC Retained]
(see above)

VOLTAGE HOLDINGS, LLC
       Creditor – Appellee

Kerry Steven Culpepper
Direct: 808–464–4047
[COR NTC Retained]
(see above)

VOLTAGE PICTURES, LLC, successor in interest to
Bedeviled LLC
       Creditor – Appellee

Kerry Steven Culpepper
Direct: 808–464–4047
[COR NTC Retained]
(see above)

WONDER ONE, LLC
       Creditor – Appellee

Kerry Steven Culpepper
Direct: 808–464–4047
[COR NTC Retained]
(see above)

YAR PRODUCTIONS, INC.
       Creditor – Appellee

Kerry Steven Culpepper
Direct: 808–464–4047
[COR NTC Retained]
(see above)

_____

Monsita Lecaroz–Arribas
[COR NTC Government – Other]
Office of the US Trustee
San Juan
Ste. 301
500 Tanca Street
San Juan, PR 00901–1922

In re:  CHARLES MUSZYNSKI

      Debtor

_____

CHARLES MUSZYNSKI

      Debtor – Appellant

v.

ROBERTO ROMAN–VALENTIN, Chapter 7 Trustee

      Trustee – Appellee

MILLENNIUM FUNDING INC., on behalf of itself and as successor in interest to LF2 Productions, Inc.; VOLTAGE HOLDINGS, LLC; AMBI DISTRIBUTION CORP., on behalf of itself and as successor in interest to Paradox Studios, Rupture CAL, Inc., FSMQ Film, LLC, and FW Productions, LLC; HANNIBAL MEDIA, INC., on behalf of itself and as successor in interest to I Am Wrath Production, Inc. and Justice Everywhere Productions LLC; AFTER PRODUCTIONS, LLC; AFTER II MOVIE, LLC; MORGAN CREEK PRODUCTIONS, INC.; VOLTAGE PICTURES, LLC,as  successor in interest to Bedeviled LLC; MILLENNIUM MEDIA, INC.; COLOSSAL MOVIE PRODUCTIONS, LLC; YAR PRODUCTIONS, INC.; MILLENNIUM IP, INC.; KILLING LINK DISTRIBUTION, LLC; BADHOUSE STUDIOS, LLC; LHF PRODUCTIONS, INC.; VENICE PI, LLC; RAMBO V PRODUCTIONS, INC.; MON, LLC; SF FILM, LLC; SPEED KILLS PRODUCTIONS, INC.; NIKOLA PRODUCTIONS, INC.; WONDER ONE, LLC; BODYGUARD PRODUCTIONS, INC.; OUTPOST PRODUCTIONS, INC.; GLACIER FILMS 1, LLC; DEFINITION DELAWARE LLC; HANNIBAL CLASSICS INC.; DALLAS BUYERS CLUB, LLC; STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC; SCREEN MEDIA VENTURES, LLC; 42 VENTURES, LLC

      Creditors – Respondents

| | | |
|---|---|---|
| 03/31/2025 | | Notice of Appeal filed by Appellant Charles Muszynski sent to U.S. Court of Appeals for the First Circuit on 03/31/2025.. [24–11] [Entered: 03/31/2025 12:08 PM] |
| 03/31/2025 | | Notice sent to U.S. Bankruptcy Court for the District of Puerto Rico (San Juan) regarding Notice of Appeal to U.S. Court of Appeals filed. [24–11] [Entered: 03/31/2025 11:22 AM] |
| 03/31/2025 | | CARY, PANOS, and KATZ, U.S. Bankrupty Appellate Panel Judges: ORDER ENTERED GRANTING Appellant's Motion to Proceed In Forma Pauperis. [24–11] [Entered: 03/31/2025 10:43 AM] |
| 03/28/2025 | | Appellant Charles Muszynski's motion filed to proceed in forma pauperis with attached affidavit. [24–11] [Entered: 03/31/2025 10:37 AM] |
| 03/28/2025 | | Case appealed to U.S. Court of Appeals for the First Circuit by Appellant Charles Muszynski. [24–11] [Entered: 03/31/2025 10:33 AM] |
| 03/24/2025 | | CARY, PANOS and KATZ, U.S. Bankrupty Appellate Panel Judges: ORDER ENTERED DENYING Appellant's Motion for Rehearing. [24–11] [Entered: 03/24/2025 03:48 PM] |
| 03/21/2025 | | Appellant Charles Muszynski's Motion for Rehearing filed. [24–11] [Entered: 03/21/2025 01:39 PM] |
| 03/07/2025 | | JUDGMENT FILED AND ENTERED. AFFIRMED. [24–11] [Entered: 03/07/2025 09:42 AM] |
| 03/07/2025 | | CARY, PANOS, and KATZ, U.S. Bankruptcy Appellate Panel Judges: Opinion issued. Affirmed. For publication. Cary authoring Judge. [24–11] [Entered: 03/07/2025 09:39 AM] |
| 02/03/2025 | | CARY, PANOS, and KATZ, U.S. Bankruptcy Appellate Panel Judges. APPEAL ARGUED AND SUBMITTED THIS DAY. [24–11] [Entered: 02/03/2025 03:49 PM] |
| 01/28/2025 | | FINAL ORAL ARGUMENT SCHEDULING ORDER. This case is scheduled oral argument by videoconference on Monday, February 3, 2025 at 2:00 pm, EST. [24–11] [Entered: 01/28/2025 04:12 PM] |
| 01/15/2025 | | Confirmation of Oral Argument received from Charles Muszynski. He will be appearing to argue the case. [24–11] [Entered: 01/17/2025 01:22 PM] |
| 01/15/2025 | | Confirmation of oral argument filed by Appellees 42 Ventures, LLC, After II Movie, LLC, After Productions, LLC, AMBI Distribution Corp., Badhouse Studios, LLC, Bodyguard Productions, Inc., Colossal Movie Productions, LLC, Dallas Buyers Club, LLC, Definition Delaware LLC, Glacier Films 1, LLC, Hannibal Classics Inc., Hannibal Media, Inc., Killing Link Distribution, LLC, LHF Productions, Inc., Millennium Funding, Inc., Millennium IP, Inc., Millennium Media, Inc., MON, LLC, Morgan Creek Productions, Inc., Nikola Productions, Inc., Outpost Productions, Inc., Rambo V Productions, Inc., Screen Media Ventures, LLC, SF Film, LLC, Speed Kills Productions, Inc., State of the Union Distribution and Collections, LLC, Venice PI, LLC, Voltage Holdings, LLC, Voltage Pictures, LLC, Wonder One, LLC and YAR Productions, Inc. [24–11] [Entered: 01/15/2025 08:47 PM] |
| 01/15/2025 | | Notice of Oral Argument. Oral Argument set for Monday, February 3, 2025 at 2:00 p.m., by videoconference. [24–11] [Entered: 01/15/2025 02:32 PM] |
| 01/15/2025 | | ORAL ARGUMENT SCHEDULING ORDER: This case is scheduled for oral argument by videoconference on Monday, February 3, 2025 at 02:00 pm. [24–11] [Entered: 01/15/2025 02:29 PM] |
| 01/07/2025 | | Received from Charles Muszynski re: Election to File Court Documents by Email. Appellant Charles Muszynski consents to receive email service of all documents in this appeal at the email address: usfilefolder@protonmail.com [24–11] [Entered: 01/07/2025 12:58 PM] |
| 01/07/2025 | | ORDER ENTERED. As Appellee Roberto Roman–Valentin has failed to file a brief, appellee will not be heard at oral argument except by permission of the court. [24–11] [Entered: 01/07/2025 11:01 AM] |

| 12/18/2024 | | Appellant Charles Muszynski reply brief filed. [24–11] [Entered: 03/07/2025 09:46 AM] |
|---|---|---|
| 12/18/2024 | 📄 | Appellant Charles Muszynski's Reply Brief Appendix filed. [24–11] [Entered: 12/19/2024 12:17 PM] |
| 12/18/2024 | 📄 | Appellant Charles Muszynski's Reply Brief filed. [24–11] [CLERK'S NOTE: Filng date corrected to 12/18/24]––[Edited 12/19/2024 by aw] [Entered: 12/19/2024 11:19 AM] |
| 12/17/2024 | 📄 | NOTICE Regarding Methods of Filing Documents by Unrepresented Parties. [24–11] [Entered: 12/17/2024 02:28 PM] |
| 12/10/2024 | | Brief filed by Appellees 42 Ventures, LLC, AMBI Distribution Corp., After II Movie, LLC, After Productions, LLC, Badhouse Studios, LLC, Bodyguard Productions, Inc., Colossal Movie Productions, LLC, Dallas Buyers Club, LLC, Definition Delaware LLC, Glacier Films 1, LLC, Hannibal Classics Inc., Hannibal Media, Inc., Killing Link Distribution, LLC, LHF Productions, Inc., MON, LLC, Millennium Funding, Inc., Millennium IP, Inc., Millennium Media, Inc., Morgan Creek Productions, Inc., Nikola Productions, Inc., Outpost Productions, Inc., Rambo V Productions, Inc., SF Film, LLC, Screen Media Ventures, LLC, Speed Kills Productions, Inc., State of the Union Distribution and Collections, LLC, Venice PI, LLC, Voltage Holdings, LLC, Voltage Pictures, LLC, Wonder One, LLC and YAR Productions, Inc. (c/s). [24–11] [Entered: 12/10/2024 09:38 AM] |
| 12/06/2024 | | Appellees 42 Ventures, LLC, AMBI Distribution Corp., After II Movie, LLC, After Productions, LLC, Badhouse Studios, LLC, Bodyguard Productions, Inc., Colossal Movie Productions, LLC, Dallas Buyers Club, LLC, Definition Delaware LLC, Glacier Films 1, LLC, Hannibal Classics Inc., Hannibal Media, Inc., Killing Link Distribution, LLC, LHF Productions, Inc., MON, LLC, Millennium Funding, Inc., Millennium IP, Inc., Millennium Media, Inc., Morgan Creek Productions, Inc., Nikola Productions, Inc., Outpost Productions, Inc., Rambo V Productions, Inc., SF Film, LLC, Screen Media Ventures, LLC, Speed Kills Productions, Inc., State of the Union Distribution and Collections, LLC, Venice PI, LLC, Voltage Holdings, LLC, Voltage Pictures, LLC, Wonder One, LLC and YAR Productions, Inc. brief FILED (c/s). [24–11] [Entered: 03/07/2025 09:45 AM] |
| 12/06/2024 | 📄 | Corrected Brief tendered by Appellees 42 Ventures, LLC, After II Movie, LLC, After Productions, LLC, AMBI Distribution Corp., Badhouse Studios, LLC, Bodyguard Productions, Inc., Colossal Movie Productions, LLC, Dallas Buyers Club, LLC, Definition Delaware LLC, Glacier Films 1, LLC, Hannibal Classics Inc., Hannibal Media, Inc., Killing Link Distribution, LLC, LHF Productions, Inc., Millennium Funding, Inc., Millennium IP, Inc., Millennium Media, Inc., MON, LLC, Morgan Creek Productions, Inc., Nikola Productions, Inc., Outpost Productions, Inc., Rambo V Productions, Inc., Screen Media Ventures, LLC, SF Film, LLC, Speed Kills Productions, Inc., State of the Union Distribution and Collections, LLC, Venice PI, LLC, Voltage Holdings, LLC, Voltage Pictures, LLC, Wonder One, LLC and YAR Productions, Inc. [24–11] [Docket entry edited to modify docket text to reflect this is a Corrected Brief filed.]––[Edited 12/10/2024 by aw] [Entered: 12/06/2024 07:00 PM] |
| 12/06/2024 | 📄 | Appendix filed by Appellees 42 Ventures, LLC, After II Movie, LLC, After Productions, LLC, AMBI Distribution Corp., Badhouse Studios, LLC, Bodyguard Productions, Inc., Colossal Movie Productions, LLC, Dallas Buyers Club, LLC, Definition Delaware LLC, Glacier Films 1, LLC, Hannibal Classics Inc., Hannibal Media, Inc., Killing Link Distribution, LLC, LHF Productions, Inc., Millennium Funding, Inc., Millennium IP, Inc., Millennium Media, Inc., MON, LLC, Morgan Creek Productions, Inc., Nikola Productions, Inc., Outpost Productions, Inc., Rambo V Productions, Inc., Screen Media Ventures, LLC, SF Film, LLC, Speed Kills Productions, Inc., State of the Union Distribution and Collections, LLC, Venice PI, LLC, Voltage Holdings, LLC, Voltage Pictures, LLC, Wonder One, LLC and YAR Productions, Inc. [24–11] [Entered: 12/06/2024 03:15 PM] |
| 12/06/2024 | 📄 | Brief tendered by Appellees 42 Ventures, LLC, After II Movie, LLC, After Productions, LLC, AMBI Distribution Corp., Badhouse Studios, LLC, Bodyguard Productions, Inc., Colossal Movie Productions, LLC, Dallas Buyers Club, LLC, Definition Delaware LLC, Glacier Films 1, LLC, Hannibal Classics Inc., Hannibal Media, Inc., Killing Link Distribution, LLC, LHF Productions, Inc., Millennium Funding, |

Inc., Millennium IP, Inc., Millennium Media, Inc., MON, LLC, Morgan Creek Productions, Inc., Nikola Productions, Inc., Outpost Productions, Inc., Rambo V Productions, Inc., Screen Media Ventures, LLC, SF Film, LLC, Speed Kills Productions, Inc., State of the Union Distribution and Collections, LLC, Venice PI, LLC, Voltage Holdings, LLC, Voltage Pictures, LLC, Wonder One, LLC and YAR Productions, Inc. [24–11] [Entered: 12/06/2024 02:58 PM]

| | | |
|---|---|---|
| 11/19/2024 | | Appellant Charles Muszynski's Appendix filed. [24–11] [Entered: 11/19/2024 04:07 PM] |
| 11/19/2024 | | ORDER ENTERED GRANTING Appellant Charles Muszynski's motion to extend time to file appendix. Appellant's appendix is now due on or before 11/21/24. [24–11] [Entered: 11/19/2024 09:59 AM] |
| 11/19/2024 | | Appellant Charles Muszynski's Amended Urgent "Emergency" Motion for Extension of Time filed. [24–11] [Entered: 11/19/2024 07:11 AM] |
| 11/18/2024 | | Charles Muszynski's Opening Brief filed. [24–11] [Entered: 11/19/2024 09:08 AM] |
| 11/18/2024 | | Appellant Charles Muszynski's Emergency Motion for Extension of Time to file appellant's appendix filed. [24–11] [Entered: 11/18/2024 05:32 PM] |
| 11/06/2024 | | CARY, PANOS and KATZ, U.S. Bankrupty Appellate Panel Judges: ORDER ENTERED DENYING RECONSIDERATION OF ORDER DENYING STAY PENDING APPEAL. Review this Order for full text. [24–11] [Entered: 11/06/2024 11:33 AM] |
| 11/06/2024 | | CARY, PANOS and KATZ, U.S. Bankrupty Appellate Panel Judges: ORDER ENTERED DENYING RECONSIDERATION OF ORDER GRANTING MOTION TO INTERVENE. Review this Order for full text. [24–11] [Entered: 11/06/2024 11:29 AM] |
| 10/30/2024 | | ORDER ENTERED GRANTING Appellant's Motion to Extend Time to File Brief. Appellant's brief and appendix are now due on or before November 18, 2024. [24–11] [Entered: 10/30/2024 02:23 PM] |
| 10/30/2024 | | Appellant Charles Muszynski's Motion to Extend Time to File Brief. [24–11] [Entered: 10/30/2024 02:21 PM] |
| 10/11/2024 | | Appellant Charles Muszynski's Reply to Appellees' Consolidated Objection to Debtor's Motions for Reconsideration of Orders. [24–11] [Entered: 10/11/2024 02:25 PM] |
| 10/08/2024 | | Consolidated Objection to Debtor's Motion for Reconsideration of Orders Granting Creditors' Motion to Intervene and Denying Debtor's Motion for Stay Pending Appeal filed by 42 Ventures, LLC, After II Movie, LLC, After Productions, LLC, AMBI Distribution Corp., Badhouse Studios, LLC, Bodyguard Productions, Inc., Colossal Movie Productions, LLC, Dallas Buyers Club, LLC, Definition Delaware LLC, Glacier Films 1, LLC, Hannibal Classics Inc., Hannibal Media, Inc., Killing Link Distribution, LLC, LHF Productions, Inc., Millennium Funding, Inc., Millennium IP, Inc., Millennium Media, Inc., MON, LLC, Morgan Creek Productions, Inc., Nikola Productions, Inc., Outpost Productions, Inc., Rambo V Productions, Inc., SF Film, LLC, Speed Kills Productions, Inc., State of the Union Distribution and Collections, LLC, Venice PI, LLC, Voltage Holdings, LLC, Voltage Pictures, LLC, Wonder One, LLC and YAR Productions, Inc. [24–11] [Docket text edited to modify docket entry]––[Edited 10/09/2024 by aw] [Entered: 10/08/2024 06:15 PM] |
| 10/04/2024 | | Appellant Charles Muszynski's motion filed to reconsider September 19, 2024 Order Granting Motion to Intervene. [24–11] [Entered: 10/04/2024 05:12 PM] |
| 10/04/2024 | | Appellant Charles Muszynski's motion filed to reconsider September 19, 2024 Order Denying Stay Pending Appeal.. [24–11] [Entered: 10/04/2024 05:08 PM] |
| 10/04/2024 | | BRIEFING ORDER ENTERED: Brief due 11/04/2024 for Appellant Charles Muszynski. Briefs of Appellees are due within 30 days after service of Appellant's Brief. Appellant's reply brief is due within |

| | | |
|---|---|---|
| | | 14 days after service of Appellees' briefs. [24–11] [Entered: 10/04/2024 01:36 PM] |
| 09/19/2024 | | Sent by email and by U.S. Mail to Charles Musznski re: Orders and Judgments issued on September 19, 2024. [24–11] [Entered: 09/19/2024 02:55 PM] |
| 09/19/2024 | ▤ | CARY, PANOS and KATZ, U.S. Bankrupty Appellate Panel Judge(s): ORDER ENTERED DENYING Appellant's Motion to Strike, Disqualify, and Sanction. Review this Order for full text. [24–11] [Entered: 09/19/2024 01:49 PM] |
| 09/19/2024 | ▤ | CARY, PANOS, and KATZ, U.S. Bankruptcy Appellate Panel Judges: JUDGMENT OF PARTIAL DISMISSAL FILED AND ENTERED. The portion of this appeal relating to the Order Denying Stay is DISMISSED for lack of jurisdiction. Review this Judgment for full text. [24–11] [Entered: 09/19/2024 01:39 PM] |
| 09/19/2024 | ▤ | CARY, PANOS and KATZ, U.S. Bankrupty Appellate Panel Judges: ORDER DENYING STAY PENDING APPEAL. Review this Order for full text. [24–11] [Entered: 09/19/2024 01:33 PM] |
| 09/19/2024 | ▤ | CARY, PANOS, and KATZ, U.S. Bankrupty Appellate Panel Judges: JUDGMENT OF PARTIAL DISMISSAL FILED AND ENTERED. The portion of the appeal relating to the Order Extending Complaint Deadline has become moot. Review this Judgment for full text. [24–11] [Entered: 09/19/2024 01:30 PM] |
| 09/19/2024 | ▤ | CARY, PANOS and KATZ, U.S. Bankrupty Appellate Panel Judges: ORDER ENTERED GRANTING Appellees' Motion to Intervene. Review this Order for full text. [24–11] [Entered: 09/19/2024 01:25 PM] |
| 07/29/2024 | ▤ | Appellant Charles Muszynski's Motion to Inform and Notice of Creditors' Bankruptcy filed. [24–11] [Entered: 07/30/2024 02:43 PM] |
| 07/25/2024 | | Certificate of Readiness docketed. [24–11] [Entered: 07/25/2024 03:11 PM] |
| 07/24/2024 | ▤ | [Incorrect] Certificate of Readiness received from U.S. Bankruptcy Court, District of Puerto Rico. This Certification incorrectly refers to BAP Case No. PR 24–011. [24–11] [Docket entry edited to correct filed date to 7/24/24; Certification to be refiled with correct PR 24–014 number reference.]––[Edited 07/25/2024 by aw] [Entered: 07/25/2024 12:34 PM] |
| 07/24/2024 | ▤ | Amended Certificate of Readiness received from U.S. Bankruptcy Court, District of Puerto Rico. [24–11] [Entered: 07/25/2024 12:29 PM] |
| 07/22/2024 | ▤ | Objection to Debtor's Motion to Strike, Disqualify, and Sanction filed by Respondents 42 Ventures, LLC, After II Movie, LLC, After Productions, LLC, AMBI Distribution Corp., Badhouse Studios, LLC, Bodyguard Productions, Inc., Colossal Movie Productions, LLC, Dallas Buyers Club, LLC, Definition Delaware LLC, FSMQ Film, LLC, FW Productions, LLC, Glacier Films 1, LLC, Hannibal Classics Inc., Hannibal Media, Inc., I Am Wrath Production, Inc., Justice Everywhere Productions LLC, Killing Link Distribution, LLC, LF2 Productions, Inc., LHF Productions, Inc., Millennium Funding, Inc., Millennium IP, Inc., Millennium Media, Inc., MON, LLC, Morgan Creek Productions, Inc., Nikola Productions, Inc., Outpost Productions, Inc., Paradox Studios, LLC, Rambo V Productions, Inc., Rupture CAL, Inc., Screen Media Ventures, LLC, SF Film, LLC, Speed Kills Productions, Inc., State of the Union Distribution and Collections, LLC, Venice PI, LLC, Voltage Holdings, LLC, Voltage Pictures, LLC, Wonder One, LLC and YAR Productions, Inc. [24–11] [Docket entry edited to modify docket text.] [Entered: 07/22/2024 12:22 AM] |
| 07/18/2024 | ▤ | Appellant Charles Muszynski's Motion to Strike, Disqualify and Sanction filed. [24–11] [Entered: 07/19/2024 09:38 AM] |
| 07/15/2024 | ▤ | Appellant Charles Muszynski's Amended Objection to Alleged "Movie Company Creditors'" Motion to Intervene filed. [24–11] [Entered: 07/16/2024 12:43 PM] |

| 07/14/2024 | | Response to to stay filed by Respondents 42 Ventures, LLC, After II Movie, LLC, After Productions, LLC, AMBI Distribution Corp., Badhouse Studios, LLC, Bodyguard Productions, Inc., Colossal Movie Productions, LLC, Dallas Buyers Club, LLC, Definition Delaware LLC, FSMQ Film, LLC, FW Productions, LLC, Glacier Films 1, LLC, Hannibal Classics Inc., Hannibal Media, Inc., I Am Wrath Production, Inc., Justice Everywhere Productions LLC, Killing Link Distribution, LLC, LF2 Productions, Inc., LHF Productions, Inc., Millennium Funding, Inc., Millennium IP, Inc., Millennium Media, Inc., MON, LLC, Morgan Creek Productions, Inc., Nikola Productions, Inc., Outpost Productions, Inc., Paradox Studios, LLC, Rambo V Productions, Inc., Rupture CAL, Inc., Screen Media Ventures, LLC, SF Film, LLC, Speed Kills Productions, Inc., State of the Union Distribution and Collections, LLC, Venice PI, LLC, Voltage Holdings, LLC, Voltage Pictures, LLC, Wonder One, LLC and YAR Productions, Inc. [24-11] [Entered: 07/14/2024 07:34 PM] |
|---|---|---|
| 07/11/2024 | | Received from Charles Muszynski courtesy copy of Amended Notice of Appeal.[24-11] [Entered: 07/16/2024 12:49 PM] |
| 07/08/2024 | | Appellant Charles Muszynski's Motion for Stay Pending Appeal filed. [24-11] [Entered: 07/09/2024 08:41 AM] |
| 07/07/2024 | | Appearance filed by Attorney Mr. Kerry Steven Culpepper for Respondents 42 Ventures, LLC, After II Movie, LLC, After Productions, LLC, AMBI Distribution Corp., Badhouse Studios, LLC, Bodyguard Productions, Inc., Colossal Movie Productions, LLC, Dallas Buyers Club, LLC, Definition Delaware LLC, FSMQ Film, LLC, FW Productions, LLC, Glacier Films 1, LLC, Hannibal Classics Inc., Hannibal Media, Inc., I Am Wrath Production, Inc., Justice Everywhere Productions LLC, Killing Link Distribution, LLC, LF2 Productions, Inc., LHF Productions, Inc., Millennium Funding, Inc., Millennium IP, Inc., Millennium Media, Inc., MON, LLC, Morgan Creek Productions, Inc., Nikola Productions, Inc., Outpost Productions, Inc., Paradox Studios, LLC, Rambo V Productions, Inc., Rupture CAL, Inc., Screen Media Ventures, LLC, SF Film, LLC, Speed Kills Productions, Inc., State of the Union Distribution and Collections, LLC, Venice PI, LLC, Voltage Holdings, LLC, Voltage Pictures, LLC, Wonder One, LLC and YAR Productions, Inc. [24-11] [Entered: 07/07/2024 08:39 PM] |
| 07/05/2024 | | Appellant Charles Muszynski's Objection to Alleged "Movie Company Creditors'" Motion to Intervene filed. [24-11] [Entered: 07/09/2024 08:27 AM] |
| 07/03/2024 | | Received Appellant Charles Muszynski's Amended Notice of Appeal from U.S. Bankruptcy Court, District of Puerto Rico, filed on 07/01/2024. [24-11] [Entered: 07/03/2024 03:58 PM] |
| 07/03/2024 | | NOTICE: Until further notice, pro se (unrepresented) parties can file documents in any of the following ways: 1) by email; 2) by U.S. mail; or 3) deposit in drop box at Moakley U.S. Courthouse, Boston.. [24-11] [Entered: 07/03/2024 11:38 AM] |
| 07/03/2024 | | OPENING LETTER: Notice to all parties RE: BAP No. PR 24-011 assigned. [24-11] [Entered: 07/03/2024 11:33 AM] |
| 07/01/2024 | | Respondents 42 Ventures, LLC, After II Movie, LLC, After Productions, LLC, AMBI Distribution Corp., Badhouse Studios, LLC, Bodyguard Productions, Inc., Colossal Movie Productions, LLC, Dallas Buyers Club, LLC, Definition Delaware LLC, FSMQ Film, LLC, FW Productions, LLC, Glacier Films 1, LLC, Hannibal Classics Inc., Hannibal Media, Inc., I Am Wrath Production, Inc., Justice Everywhere Productions LLC, Killing Link Distribution, LLC, LF2 Productions, Inc., LHF Productions, Inc., Millennium Funding, Inc., Millennium IP, Inc., Millennium Media, Inc., MON, LLC, Morgan Creek Productions, Inc., Nikola Productions, Inc., Outpost Productions, Inc., Paradox Studios, LLC, Rambo V Productions, Inc., Rupture CAL, Inc., Screen Media Ventures, LLC, SF Film, LLC, Speed Kills Productions, Inc., State of the Union Distribution and Collections, LLC, Venice PI, LLC, Voltage Holdings, LLC, Voltage Pictures, LLC, Wonder One, LLC, YAR Productions, Inc., – Charles Muszynski, Appellant Charles Muszynski, Not Party Office of U.S. Trustee and Appellee Roberto Roman–Valentin motion to *intervene as Appellees.* filed. [24-11] [Entered: 07/01/2024 10:38 PM] |

| | | |
|---|---|---|
| 06/27/2024 | 🗒 | Incomplete Certificate of Readiness received from U.S. Bankruptcy Court, District of Puerto Rico. Deadline for Appellee to file designation of additional items to be included in the record on appeal has not expired. [24–11] [Entered: 07/03/2024 01:47 PM] |
| 06/25/2024 | 🗒 | Received Notice of Appeal filed at U.S. Bankruptcy Court, District of Puerto Rico (San Juan) on 06/18/2024, transmittal form, FILED. CM/ECF: Counsel must register for a First Circuit BAP CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the BAP's requirements for electronic filing by visiting the BAP's PACER/CMECF Information section at http://www.bap1.uscourts.gov. Pro se parties may not file documents electronically via CM/ECF. [24–11] [Entered: 06/25/2024 11:19 AM] |

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

### TRANSMITTAL TO UNITED STATES COURT OF APPEALS
### FOR THE FIRST CIRCUIT

TO:    Anastasia Dubrovsky, Clerk
       United States Court of Appeals
       for the First Circuit
       One Courthouse Way - Suite 2-500
       Boston, MA 02210

| |
|---|
| Case Name: Muszynski |
| Appellant: Charles Muszynski |
| BAP Case No.  PR 24-011 |
| Bankruptcy Case No. 23-02870-MCF |
| Adversary No.  N/A |

TRANSMITTED HEREWITH ARE THE FOLLOWING:

[X]    Notice of Appeal
[X]    Panel's Opinion and Judgment Dated: March 7, 2025
[X]    Appellant included the following to his Notice of Appeal:
       Exhibit 1: May 21, 2024 Opinion and Order of U.S. Bankruptcy Court for the District of
       Puerto Rico
       Exhibit 2: Panel's March 7, 2025 Opinion
       Exhibit 3: Panel's March 7, 2025 Judgment
       Exhibit 4: Appellant's Notice of Appearance
       Exhibit 5: Appellant's Docketing Statement
       Exhibit 6: Appellant's Transcript Form
[X]    Panel's March 31, 2025 Order Granting Appellant's Motion to Proceed In Forma
       Pauperis
[X]    BAP docket

FEE STATUS
[X]    See Panel's March 31, 2025 Order Granting Appellant's Motion to Proceed In Forma
       Pauperis
[  ]   Paid   Check No.        Receipt No.
[  ]   Not Paid


DATED: March 31, 2025                          Leslie C. Storm, Clerk

                                       By:    /s/  Ann M. Williams
                                              Ann M. Williams, Case Manager

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

—————————————————

## BAP NO. PR 24-011

—————————————————

### Bankruptcy Case No. 23-02870-MCF

—————————————————

### CHARLES MUSZYNSKI,
### Debtor.

—————————————————

### CHARLES MUSZYNSKI,
### Appellant,

### v.

### MILLENNIUM FUNDING, INC., on behalf of itself and as
successor in interest to LF2 Productions, Inc.; VOLTAGE HOLDINGS, LLC;
AMBI DISTRIBUTION CORP., on behalf of itself and as successor in interest to
Paradox Studios, Rupture CAL, Inc., FSMQ Film, LLC, and FW Productions, LLC;
HANNIBAL MEDIA, INC., on behalf of itself and as successor in interest to
I Am Wrath Production, Inc. and Justice Everywhere Productions LLC;
AFTER PRODUCTIONS, LLC; AFTER II MOVIE, LLC;
MORGAN CREEK PRODUCTIONS, INC.;
VOLTAGE PICTURES, LLC, as successor in interest to Bedeviled LLC;
MILLENNIUM MEDIA, INC.; COLOSSAL MOVIE PRODUCTIONS, LLC;
YAR PRODUCTIONS, INC.; MILLENNIUM IP, INC.;
KILLING LINK DISTRIBUTION, LLC; BADHOUSE STUDIOS, LLC;
LHF PRODUCTIONS, INC.; VENICE PI, LLC; RAMBO V PRODUCTIONS, INC.;
MON, LLC; SF FILM, LLC; SPEED KILLS PRODUCTIONS, INC.;
NIKOLA PRODUCTIONS, INC.; WONDER ONE, LLC;
BODYGUARD PRODUCTIONS, INC.; OUTPOST PRODUCTIONS, INC.;
GLACIER FILMS I, LLC; DEFINITION DELAWARE LLC;
HANNIBAL CLASSICS, INC.; DALLAS BUYERS CLUB, LLC;
STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC;
SCREEN MEDIA VENTURES, LLC; 42 VENTURES, LLC;
and
ROBERTO ROMAN VALENTIN, Chapter 7 Trustee,
Appellees.

—————————————————

**Cary, Panos, and Katz, U.S. Bankruptcy Appellate Panel Judges.**

<u>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**</u>

Before the Panel is the "Motion to Proceed In Forma Pauperis" filed by Charles Muszynski in the above referenced appeal on March 28, 2025.   In the motion, Muszynski seeks permission to proceed in forma pauperis on appeal to the U.S. Court of Appeals for the First Circuit.   After due consideration, the motion is **GRANTED.**

FOR THE PANEL:

Dated: March 31, 2025                    By: <u>/s/ Leslie C. Storm</u>
                                         Leslie C. Storm, Clerk

cc:
By email: Charles Muszynski;
By CM/ECF: Kerry Culpepper, Esq.; Roberto Roman-Valentin, Esq.;
Monsita Lecaroz Arribas, Esq.

**United States District Court of Appeals
for the First Circuit**

| |
|---|
| In re<br>Charles Muszynski,<br>Debtor,<br><br>Charles Muszynski,<br>Plaintiff,<br><br>v.<br><br>Roberto Valentin,<br>Trustee,<br>Defendant. |

BAP File No. 24-011
D. PR File No. 23-02870-MCF

**NOTICE OF APPEAL TO
THE U.S. COURT OF APPEALS FIRST CIRCUIT AND
TRANSMISSION REQUEST FOR DESIGNATE RECORD**

Charles Muszynski, the plaintiff, pro se, appeals to the United States Court of Appeals for the First Circuit from the final judgment and order of the District Puerto Rico Bankruptcy Court, Doc. #185, "OPINION AND ORDER", entered 21 May 2024, followed by Bankruptcy Appellate Panel of the First Circuit's findings, 7 March 2025, Doc. #58, stating: "ORDERED AND ADJUDGED that the bankruptcy court's May 21, 2024 order dismissing Charles Muszynski's chapter 7 bankruptcy case is AFFIRMED" and BAP Doc. #57 stating: "For the foregoing reasons, we AFFIRM the Dismissal Order."

Copies of Doc. #185, Doc. #57, and Doc. #58 are attached as Exhibits #1, #2, and #3.

Required and completed Appellate forms are attached in: Exhibit #4 - Notice of Appearance; Exhibit #5 - Docketing Statement; Exhibit #6 - Transcript Report Form.

The designated record already exists and Appellant requests the BAP transmit the designated record to the Appellate Court following sequential activation of the case.

The party to D. Puerto Rico's Order and Opinion, and to the BAP's Judgment and Order appealed from appears pro se and his name and address is as follows:

Dated 28 March 2025

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

## CERTIFICATE OF SERVICE BY ELECTRONIC FILING BY EMAIL TO BAP CLERK

I hereby certify that on the date below the foregoing documents were emailed to the Bankruptcy Appellate Panel's Clerk in the United States Court for the First Circuit for entry into the CM/ECF system and for activation in the Appellate Court subsequent thereto as all requirements for electronic notice by email were fulfilled by the signatory below.

I certify the following party(ies) or counsel of record are registered as ECF Filers and will be served through the CM/ECF system:

Roberto Roman Valentin
Bankruptcy Trustee
PO Box 9024003
San Juan, PR 00902-4063
E-mail: romanchpt7@gmail.com

28 March 2025
Respectfully submitted,

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies

**EXHIBIT #1**

**D. PUERTO RICO DOC. #185**

**EXHIBIT #2**

**BAP DOC. #57**

**EXHIBIT #3**

**BAP DOC. #58**

**EXHIBIT #4**

**NOTICE OF APPEARANCE**

**EXHIBIT #5**

**DOCKETING STATEMENT**

**EXHIBIT #6**

**TRANSCRIPT REPORT FORM**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                              CASE NO. 23-02870 (MCF)

CHARLES MUSZYNSKI                                   CHAPTER 7

    Debtor

## **OPINION AND ORDER**

The Court ordered the chapter 7 Debtor, Mr. Charles Muszynski's ("Debtor"), to show cause as to why the case should not be dismissed for two reasons; first, for his ineligibility to be a debtor in a bankruptcy case, pursuant to 11 U.S.C. § 109(h) and second, for Debtor's failure to fully disclose his financial resources as required by the Bankruptcy Code, pursuant 11 U.S.C. § 521.  Having considered Debtor's response to the orders to show cause and related motions, we conclude that the instant case should be dismissed for the reasons set forth below.

Relevant Procedural History

On May 11, 2023, Debtor filed a pro se bankruptcy case under chapter 7 at the Bankruptcy Court for the Eastern District of Texas ("Texas Bankruptcy Court").  His petition did not include the credit counseling certificate required by 11 U.S.C. §§ 109(h)(1) and 521(b)(1).

In the voluntary petition, Debtor certified that he asked for credit counseling services from an approved agency but was unable to obtain the same during the 7 days after he made the request and that exigent circumstances merited a 30-day temporary waiver of the requirement.  The voluntary petition form specifically instructs debtors in a bankruptcy case who ask for a 30-day temporary waiver of the requirement, to "**attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.**" (emphasis added) Debtor failed to include such a document with his petition.

With the petition, Debtor filed schedules containing inaccurate and/or incomplete information such as:[1] i) executory contracts or unexpired leases were informed, but failed to disclose the persons or companies with whom he had the contracts, the address of said persons or companies and to state what the contracts or leases were for; ii) the Debtor disclosed that he was a beneficiary of a trust, but failed to disclose any information of the trust; iii) the Debtor only disclosed one trust even though he is beneficiary of two trusts and income information regarding each trust was never disclosed nor their respective values; iv) the Debtor informed to have been an officer, director, or managing executive of a corporation within four years before the bankruptcy filing but failed to disclose the identity of any business; v) the source and amount of income received by him during the year that the petition was filed and the two previous calendar years was failed to be disclosed; and vi) the Chapter 7 Statement of Your Current Monthly Income form was filed with zero income.

The day after the filing of the petition, on May 12, 2023, the Texas Bankruptcy Court issued an order denying Debtor's application for extension of time to meet credit counseling requirement.  Docket No. 5.  In the order, the Texas Bankruptcy Court expressed that the Voluntary Petition provides specific instructions for debtors choosing to seek a temporary waiver of the credit counseling requirement; including a directive to "attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case." Id.  The Texas Bankruptcy Court further explained that no separate explanation was provided by Debtor and that 11 U.S.C. § 109(h)(3)(A) does not authorize a court to extend the time for compliance with the requirement unless the prerequisites above enumerated were met, including that a request for credit counseling services was actually made, but could not be fulfilled prior to the filing of the petition.

In the same order, the Texas Bankruptcy Court granted Debtor until May 26, 2023, to fulfill the credit counseling requirement.  In doing so, the court expressed that "[i]f such

---

[1] Debtor disclosed assets in the amount of $12,230.00, a domestic support obligation ("DSO") claim in the amount of $1,322,980.00 and a default judgment against him and in favor of multiple parties in the amount of $15,000,000.00.

requirement is fulfilled prior to this date, the Court would hope that parties in interest would elect to waive this eligibility issue in light of Debtor's pro se status, thereby avoiding a possible pointless re-filing and the necessity of conducting a stay continuation hearing." On June 2, 2023, Debtor filed a "Certificate of Counseling" dated May 13, 2023. Docket No. 18.

On June 30, 2023, the Texas Bankruptcy Court conducted a preliminary hearing on a "Motion for Relief from Automatic Stay" filed by Kerry S. Culpepper, a creditor, and joined by other parties. Pursuant to the information that transcended during the hearing,[2] on July 5, 2023, the Texas Bankruptcy Court issued a sua sponte order to show cause as to why the case should not be dismissed for lack of eligibility, pursuant 11 U.S.C. § 109(a)[3] or alternatively, as to why venue should not be transferred under 28 U.S.C. § 1408.[4] Docket No. 41.

Debtor filed a response to the order to show cause on July 31, 2023, in which he asserted that he qualifies as a debtor, pursuant 11 U.S.C. § 109(a) because he had a bank account in Texas and furniture in Puerto Rico. Docket No. 56.[5] On even date, Debtor filed a motion requesting that the case be transferred to the Bankruptcy Court for the District of Puerto Rico; deeming it as the most qualified venue according to Bankruptcy Rules and procedures since the majority of his tangible and intangible property underlying his application are situated here. Docket No. 58. Subsequently, on August 23, 2023, the Texas Bankruptcy Court issued an order transferring the case to us. Docket No. 79.

---

[2] The court expressed that it appears that "Debtor does not reside, have a domicile, nor a place of business in the United States. At best, Debtor may have 'property in the United States." Docket No. 41 at 2. As per Debtor's testimony, he resides in Nevis, St. Kitts & Nevis, WI.

[3] 11 U.S.C. § 109(a) provides that "only a person that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be debtor" under title 11.

[4] 28 U.S.C. § 1408 provides that "a case under title 11 may be commenced in the district court for the district – (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership."

[5] In the motion, Debtor informs that he "has corrected his assets matrix to reflect tangible household property remaining in Fajardo, Puerto Rico worth approximately $2,100.00". Docket No. 56 at 2. Debtor filed the amendments on July 12, 2023. Docket No. 46.

On September 12, 2023, this court received the transferred case from the Texas Bankruptcy Court. After various procedural matters, this court scheduled a status conference for February 28, 2024. Docket Nos. 91 and 142. At the status conference, upon a review of the docket and the information proffered and discussed, the court ordered the following:

> Debtor is ordered to show cause, within 28 days, as to why the case should not be dismissed for Debtor's failure to fully disclose his financial resources, as required by the Bankruptcy Code pursuant to 11 U.S.C. §521. The Debtor is further ordered to file: (1) an Amended Voluntary Petition disclosing his current residential address; (2) Amended Schedule A/B disclosing the following information in question number twenty-five (25): the name of the trust, the trust tax ID number (EIN), the trust address, the date in which the trust was created, who created the trust, how the trust is funded, details of the trust's assets, the name of the trustee or trustees and their addresses; (3) Amended Statement of Financial Affairs providing the complete information required in questions five (5) and question number twenty-seven (27). The Debtor's failure to comply with this order completely may result in the dismissal of the case.
>
> The Debtor is also ordered to show cause, within 28 days, as to why the case should not be dismissed for lack of eligibility to be a debtor pursuant to 11 U.S.C. §109(h). Docket No. 172.

Regarding his eligibility to be a debtor, the Debtor replied by asserting that he "timely paid and completed the preliminary credit counseling course" and submitted a copy of a credit counseling certificate dated May 13, 2023.[6] Docket No. 174. Debtor made no reference to the timing requirements for the credit counseling briefing pursuant 11 U.S.C. § 109(h)(1) nor to the waiver requirements pursuant 11 U.S.C. § 109(h)(3).

With respect to the court's order to file amended documents and indicate why the case should not be dismissed for failure to disclose his financial resources, the Debtor amended his voluntary petition, schedules A/B, and statement of financial affairs. Docket No. 178. Then, a few days later, the Debtor filed a response to the order to show cause asserting that he had complied with the court's order by filing the amended documents. Docket No.179.

---

[6] Previously, on February 28, 2024, Debtor filed a motion alleging compliance with his credit counseling requirement, but failed to attach a pre-petition credit counseling certification.

<u>Legal Analysis and Discussion</u>

Before evaluating whether Debtor complied or not with any other provision of the Bankruptcy Code, we first analyze if Debtor is eligible to be a Debtor in a bankruptcy proceeding, pursuant to 11 U.S.C. § 109(h).

A.  <u>Section 109(h) Requirements</u>

Section 109(h)(1) sets out the pre-petition counseling requirement; it provides that:

> "… an individual **may not be a debtor** under this title unless such individual has, **during the 180-day period <u>ending</u> on the date of filing of the petition by such individual**, received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis." 11 U.S.C. § 109(h)(1) (emphasis added).

Pursuant Section 109(h)(1), "an individual may not be a debtor in a bankruptcy case unless,  within the 180-day period **prior to the filing of the bankruptcy petition**, the individual has received an individual or group briefing from an approved nonprofit budget and credit counseling agency as described in 11 U.S.C. § 111(a) (the "Credit Counseling Requirement").". <u>In re Prater</u>, 445 B.R. 424, 428(Bankr. E.D. Pa. 2010) (emphasis added). <u>See Taal v. Sumski (In re Taal)</u>, 504 B.R. 682, 684-685 (BAP 1st Cir. 2014) ("… debtors must take the required credit counseling course within 180 days **prior to the petition date** and must file a certificate of compliance within 14 days of filing the petition.") (emphasis added).

Section 109(h)(3) provides for an exception to the credit counseling requirement. Pursuant to said subsection, a debtor may obtain a temporary deferral of the requirement to file a credit counseling certificate (up to 45 days), if the debtor submits a certification that: (i) describes exigent circumstances that merit a waiver of the [credit counseling requirement]; (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services . . . during the 7-day period beginning

on the date on which the debtor made that request; and (iii) is satisfactory to the court. To qualify for the exigent circumstance's exception, a debtor must satisfy all three elements. Taal), 504 B.R. at 685 (making references to In re Fiorillo, 455 B.R. 297, 302 (D. Mass. 2011); In re Falcone, 370 B.R. 462, 465 (Bankr. D. Mass. 2007)) (emphasis added).

Debtor in the present case did not meet the requirements that would have entitled him to a temporary waiver to the pre-petition credit counseling requirement, pursuant to 11 U.S.C. § 109(h)(3). Debtor failed to submit with the bankruptcy petition the required certification describing the exigent circumstances that merited a temporary waiver of the requirement. Although Debtor certified that he asked for credit counseling services from an approved agency but was unable to obtain those services during the seven days after he made the request, he failed to explain the efforts made to obtain credit counseling prior to filing for bankruptcy and the reasons for which he was unable to obtain the credit counseling before the petition date.

In response to the order to show cause as to why the case should not be dismissed for lack of eligibility to be a debtor, pursuant to 11 U.S.C. §109(h)(1), Debtor's only response is that he timely paid and completed the preliminary credit counseling course on May 13, 2023. As per Debtor's allegation and the certificate of credit counseling filed, Debtor obtained credit counseling on May 13, 2023, which is two days after the petition date. Thus, Debtor did not comply with the requirement of receiving a briefing from an approved credit counseling agency within the 180 days period before his filing of the bankruptcy petition.

Given that Debtor did not meet the credit counseling requirement under § 109(h)(1) nor the requirements for a temporary waiver under § 109(h)(3), he is ineligible to be a Debtor in the present bankruptcy procedure.

B. Disclosure Requirements - Section 521

In addition to not being eligible to be a debtor in the present bankruptcy, Debtor has also failed to comply with disclosure requirements, pursuant to 11 U.S.C. § 521.

The Bankruptcy Code imposes on debtors an affirmative duty of full disclosure. Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 362 (3rd Cir. 1996). To obtain the benefits of bankruptcy and achieve a fresh start, debtors are tasked with an unavoidable duty and expectation of forthright disclosures. Roberts v. Vara (In re Roberts), 2024 Bankr. LEXIS 1088 (Bankr. W.D.PA. 2024)(making reference to In re White, 618 B.R. 748, 754 (Bankr. E.D.N.C. 2020)). Section 521(a)(1)(B) requires a debtor to file with the court a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs. These disclosure requirements are crucial to the effective functioning of the federal bankruptcy system. Ryan Operations, 81 F.3d at 362.

Compliance with § 521 requires that all documents filed by a debtor be accurate and complete. "[I]t is the Debtor's duty to file accurate schedules and value his assets correctly. Fraser v. Citimortgage, Inc. (In re Fraser), 599 B.R. 830, 837 (Bankr. W.D. Pa. 2019). "Debtors have an absolute duty to file complete and accurate schedules." In re Rolland, 317 B.R. 402, 413 (Bankr. C.D. Cal. 2004) ( making reference to Cusano v. Klein, 264 F.3d 936, 946 (9th Cir. 2001)); In re Mohring, 142 B.R. 389, 394 (Bankr. E.D. Cal. 1992). Full and comprehensive disclosure is critical to the integrity of the bankruptcy process. In re Rolland,Id. (making reference to Heidkamp v. Whitehead (In re Whitehead), 278 B.R. 589, 594 (Bankr. M.D. Fla. 2002)) (stating that "the veracity of the debtor's Statement is absolutely essential to the successful administration of the Bankruptcy Code").

At the Status Conference, Debtor was ordered to show cause as to why the case should not be dismissed for failure to comply with § 521. Given the inaccuracy of the Schedules and Statement of Financial Affairs filed by Debtor, the court also ordered Debtor to file amended Schedule A/B and Statement of Financial Affairs to disclose missing information. On March 20, 2024, Debtor filed amended documents and on March 22, 2024, Debtor filed his response to the order to show cause.

On Schedule A/B filed with the petition, Debtor informed that he was "a beneficiary of a trust" but failed to disclose any information about the trust. Consequently, the court ordered

1   Debtor to disclose: the name of the trust, the trust tax ID number (EIN), the trust address, the date

2   in which the trust was created, who created the trust, how the trust is funded, details of the trust's

3   assets, the name of the trustee or trustees and their addresses.

4        On March 20, 2024, Debtor filed an amended Schedule A/B which disclosed, for the first

5   time, that he is a beneficiary, of not one but of two trusts, as follows 1) F.A. Hayek Irrevocable

6   Settlement Trust, created by Rubilee Muszynski (Debtor's mother) in year 2009; and 2) Dusko

7   Popov Irrevocable Trust, created by Debtor in year 2019. As to the information on how the trusts

8   are funded, Debtor limited his disclosure by stating that "[e]ach trust was funded when

9   established." The Debtor omitted disclosure of the amount of funds transferred to each of the

10   trusts upon their creation and their current balance.

11        In addition, Debtor was ordered to disclose the assets of the trust(s). Debtor failed to

12   comply with this court order and did not provide the required information in Amended Schedule

13   A/B. It is notable to point out that we do not have any information regarding the funds in each

14   of trusts nor their source of income.

15        Furthermore, on question 19 of the statement of financial affairs, debtors are required to

16   disclose specific information regarding any property transferred within ten (10) years before filing

17   for bankruptcy on any self-settled trust or similar entity in which the debtor is the beneficiary. As

18   revealed in Amended Schedule A/B in response to court order, the Debtor created a trust in year

19   2019. However, Debtor's original statement of financial affairs nor his amended statement of

20   financial affairs disclose any information in relation to question 19.

21        In his response to the order to show cause, Debtor asserts that he timely complied with the

22   filing of all schedules and that the filings were discussed and accepted by the chapter 7 Trustee.

23   In support of his assertion, Debtor submitted a copy of the transcript of the 341meeting held on

24   June 2, 2023. Docket No. 176. However, upon review of said transcript, we find that the same

25   does not support Debtor's allegations. In the transcript, the chapter 7 Trustee expresses:

26

27           "But basically what it says is, even if -- even if the trust -- even if
           the trust is not property of the estate because of possible spendthrift
           clause, at this moment I don't know that. And so it -- I'm going to

need to have some information about that to see what that trust is, the name of it, where it's located, the Trustee, beneficiaries, and see if, in fact, it does have a spendthrift clause.

What my intention is to continue this case. It will be four weeks from today. It will be Friday June the 30th, 2023. And it's going to be at 12:00 noon, Central Time.

Again, I will go ahead and continue this case until Friday, June the 30th, 2023 at 12:00 p.m. Central Time." Docket No. 176.

On June 30, 2023, the date in which the continued 341 meeting was supposed to be held, the Texas Bankruptcy Court instead held a preliminary hearing on a Motion for relief from stay. Said court ended up issuing an order to show cause as to why the case should not be dismissed for lack of eligibility, pursuant 11 U.S.C. § 109(a) or alternatively, as to why venue should not be transferred under 28 U.S.C. § 1408.

The case record does not show that the 341 continued for June 30, 2023, nor any other 341 meeting, was ever held. Thus, contrary to what Debtor asserts, Debtor was not examined by the Trustee on the information requested related to the trust(s) of which Debtor is beneficiary.

We conclude that the Debtor has filed incomplete and inaccurate schedules and statement of financial affairs and thus, has failed to comply with his duty of full disclosure pursuant Section 521 of the Bankruptcy Code. Furthermore, Debtor has also failed to fully comply with our court order at the hearing to provide all the required information. For the aforementioned reasons of lack of eligibility to be a bankruptcy debtor, lack of proper disclosure, and failure to comply with a court order, the instant case is dismissed.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 21st day of May, 2024.

*Mildred Caban*

MILDRED CABAN FLORES
United States Bankruptcy Judge

-9-

**FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL FOR THE FIRST CIRCUIT

_____

**BAP NO. PR 24-011**
_____

**Bankruptcy Case No. 23-02870-MCF**
_____

**CHARLES MUSZYNSKI,**
**Debtor.**
_____

**CHARLES MUSZYNSKI,**
**Appellant,**

**v.**

**MILLENNIUM FUNDING, INC., on behalf of itself and as**
**successor in interest to LF2 Productions, Inc.; VOLTAGE HOLDINGS, LLC;**
**AMBI DISTRIBUTION CORP., on behalf of itself and as successor in interest to**
**Paradox Studios, Rupture CAL, Inc., FSMQ Film, LLC, and FW Productions, LLC;**
**HANNIBAL MEDIA, INC., on behalf of itself and as successor in interest to**
**I Am Wrath Production, Inc. and Justice Everywhere Productions LLC;**
**AFTER PRODUCTIONS, LLC; AFTER II MOVIE, LLC;**
**MORGAN CREEK PRODUCTIONS, INC.;**
**VOLTAGE PICTURES, LLC, as successor in interest to Bedeviled LLC;**
**MILLENNIUM MEDIA, INC.; COLOSSAL MOVIE PRODUCTIONS, LLC;**
**YAR PRODUCTIONS, INC.; MILLENNIUM IP, INC.;**
**KILLING LINK DISTRIBUTION, LLC; BADHOUSE STUDIOS, LLC;**
**LHF PRODUCTIONS, INC.; VENICE PI, LLC; RAMBO V PRODUCTIONS, INC.;**
**MON, LLC; SF FILM, LLC; SPEED KILLS PRODUCTIONS, INC.;**
**NIKOLA PRODUCTIONS, INC.; WONDER ONE, LLC;**
**BODYGUARD PRODUCTIONS, INC.; OUTPOST PRODUCTIONS, INC.;**
**GLACIER FILMS I, LLC; DEFINITION DELAWARE LLC;**
**HANNIBAL CLASSICS, INC.; DALLAS BUYERS CLUB, LLC;**
**STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC;**
**SCREEN MEDIA VENTURES, LLC; 42 VENTURES, LLC;**
**and**
**ROBERTO ROMAN VALENTIN, Chapter 7 Trustee,**
**Appellees.**

————————————————————

**Before**
**Cary, Panos, and Katz,**
**United States Bankruptcy Appellate Panel Judges.**

————————————————————

**Charles Muszynski, pro se, on brief for Appellant.**
**Kerry S. Culpepper, Esq., on brief for All Listed Appellees (Except Roberto Roman**
**Valentin, Chapter 7 Trustee).**
**No brief filed for Appellee, Roberto Roman Valentin, Chapter 7 Trustee.**

————————————————————

**March 7, 2025**
————————————————————

**Cary, U.S. Bankruptcy Appellate Panel Judge.**

The bankruptcy court dismissed Charles Muszynski's chapter 7 case on several grounds, including his failure to complete the credit counseling required under § 109(h)(1) within the prescribed period, and Muszynski appealed.[1]  For the reasons set forth below, we **AFFIRM**.

## BACKGROUND

### I.     Texas Bankruptcy Court Proceedings

On May 11, 2023, Charles Muszynski (the "Debtor") filed a chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Eastern District of Texas (the "Texas Bankruptcy Court"), listing as creditors the above-named appellees (except for the chapter 7 trustee, and hereinafter collectively the "Creditors").

The Debtor filed with his petition a request for a 30-day temporary waiver of the credit counseling briefing requirement under § 109(h)(1).  He explained his efforts to obtain the briefing and the reason he was unable to obtain it before filing for bankruptcy as follows:

> Due to an inability to pay the fee for the counseling services as my credit card has not been able to be charged, I was unable to obtain the counseling services in advance of filing.  I will get the card reactivated and complete the counseling before May 18, 2023.  NONE of my debt is related to irresponsible credit use or profligate spending.  The entire reason for filing is a default judgment for $15,000,000.00 in Miami Federal Court . . . .  There will be NO ISSUE with having the course completed and reported to the Court by the end of business on 18 May.

On May 12, 2023, the Texas Bankruptcy Court entered an order denying the Debtor's motion for an extension of time to satisfy the credit counseling requirement (the "Order Denying Credit Counseling Extension"), reasoning:

> The voluntary petition form provides specific instructions [for] debtors choosing to seek a temporary waiver of the credit counseling requirement, including a directive to "attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy,

---

[1]  Unless otherwise noted, references to "Bankruptcy Code" or to specific statutory sections are to 11 U.S.C. §§ 101-1532.

and what exigent circumstance required you to file this case." No separate
explanation was provided by Debtor, and . . . § 109(h)(3)(A) does not authorize
this Court to extend the time for compliance with this requirement unless the
prerequisites stated therein are met, including that a request for credit counseling
services was actually made but could not be fulfilled prior to the filing of the
petition. The request contained in the voluntary petition, without more, does not
satisfy those prerequisites.

Concluding that the Debtor "failed to provide sufficient justification to merit a temporary waiver

of the requirements imposed by . . . § 109(h)," the Texas Bankruptcy Court ordered the Debtor to

"fulfill the credit counseling requirement immediately but in any case not later than . . . May 26,

2023," and refused to waive the requirement, stating:

If such requirement is fulfilled prior to this date, the Court would hope that parties
in interest would elect to waive this eligibility issue in light of Debtor's *pro se*
status, thereby avoiding a possible pointless re-filing and the necessity of
conducting a stay continuation hearing.

. . . [T]he request for waiver of the credit counseling requirement contained in the
voluntary petition filed by the above-referenced Debtor, Charles Muszynski, on
May 11, 2023, is otherwise **DENIED**.

On July 5, 2023, the Texas Bankruptcy Court issued an order to show cause to the Debtor

(the "First OSC"), directing him to demonstrate why the case should not be dismissed for lack of

eligibility to be a debtor pursuant to § 109(a)[2] or, alternatively, why venue should not be

transferred under 28 U.S.C. § 1408 as it appeared the Debtor had no domicile, residence, or place

of business in Texas.

Thereafter, in his July 31, 2023 response to the First OSC, the Debtor asserted he

qualified as a debtor because he had a bank account in Texas and furniture in Puerto Rico. The

Debtor also filed a motion requesting the transfer of the case to the U.S. Bankruptcy Court for

the District of Puerto Rico (the "P.R. Bankruptcy Court").

---

[2] Section 109 is entitled "Who may be a debtor." 11 U.S.C. § 109. Subsection (a) provides that "only a
person that resides or has a domicile, a place of business, or property in the United States, or a
municipality, may be a debtor under this title." 11 U.S.C. § 109(a).

4

After conducting an evidentiary hearing on the First OSC, the Texas Bankruptcy Court issued an order on August 23, 2023, declining to dismiss the case on the grounds of the Debtor's eligibility under § 109(a).[3]  The Texas Bankruptcy Court also issued an order transferring the case to the U.S. District Court for the District of Puerto Rico for reference to the P.R. Bankruptcy Court.[4]

## II.    Developments in the P.R. Bankruptcy Court

After conducting a status conference on February 28, 2024, the P.R. Bankruptcy Court issued an order (the "Second OSC") directing the Debtor to demonstrate why the case should not be dismissed for: (1) "failure to fully disclose his financial resources"; and (2) "lack of eligibility to be a debtor pursuant to . . . § 109(h)."  Because our disposition of this appeal turns on the latter prong of the Second OSC, we do not examine events relating to the former.

In response to the Second OSC, the Debtor filed a copy of a credit counseling certificate which stated he received a briefing from an approved agency that complied with the provisions of § 109(h) on May 13, 2023.  In a pleading accompanying the certificate, the Debtor maintained that he "timely paid and completed the preliminary credit counseling course" on May 13, 2023.  The Debtor made no reference to the timing requirements for the credit counseling briefing pursuant to § 109(h) or to the requirements for a temporary waiver of the briefing under § 109(h)(3).  He did state, however, that he had "no printer access, no scanning access, no PACER access, and was not afforded a level playing field for electronic filing" in the Texas Bankruptcy Court.

---

[3]  The Debtor's interpretation of the Texas Bankruptcy Court's ruling—namely, that the court declined to dismiss on the grounds of his failure to satisfy § 109(h)—is not supported by the record.

[4]  Accordingly, the Debtor's motion to transfer venue was denied as moot.

In a separate pleading captioned "Response to Sua Sponte Order To Show Cause . . . ," the Debtor defended his eligibility to be a debtor by asserting that he "timely paid and completed the preliminary credit counseling course."

After consideration of the Debtor's responses to the Second OSC, on May 21, 2024, the P.R. Bankruptcy Court issued an opinion and order dismissing the Debtor's chapter 7 case (the "Dismissal Order") for several reasons, including his "lack of eligibility to be a debtor" under § 109(h)(1), citing his failure to satisfy the pre-petition credit counseling requirement or to obtain a deferral of the requirement.[5]  In dismissing the Debtor's case on § 109(h)(1) grounds, the P.R. Bankruptcy Court acknowledged the Debtor's assertion that he obtained credit counseling on May 13, 2023, but noted that: (1) the counseling was late, having occurred two days after the petition date; and (2) the Debtor failed to "meet the requirements that would have entitled him to a temporary waiver [of] the pre-petition credit counseling requirement, pursuant to . . . § 109(h)(3)," namely, "the required certification describing the exigent circumstances that merited a waiver of the requirement."  The P.R. Bankruptcy Court added:

> Although Debtor certified that he asked for credit counseling services from an approved agency but was unable to obtain those services during the seven days after he made the request, he failed to explain the efforts made to obtain counseling prior to filing for bankruptcy and the reasons for which he was unable to obtain the credit counseling before the petition date.

Having found that the Debtor neither satisfied the credit counseling requirement under § 109(h)(1) nor the requirements for a temporary waiver under § 109(h)(3), the court concluded he was ineligible to be a debtor under § 109(h)(1).

---

[5]  The P.R. Bankruptcy Court also cited the Debtor's failure to comply with: (1) his duty of full disclosure under § 521; and (2) a court order to provide all the required financial information.  As previously noted, these grounds for dismissal are not the focus of our disposition.

The Debtor filed an amended motion for stay pending appeal with the P.R. Bankruptcy Court, which that court denied. The P.R. Bankruptcy Court also denied the Debtor's motion to vacate the Dismissal Order.

### III.    The Appeal

The Debtor filed his initial notice of appeal from the Dismissal Order on June 18, 2024.[6] Thereafter, he filed a request for a stay pending appeal with the Panel, which the Panel denied.

The Debtor then filed a motion for reconsideration of the stay denial with the Panel, arguing for the first time that the Texas Bankruptcy Court waived the credit counseling requirement. The Panel denied the Debtor's reconsideration request.

The Creditors filed a motion to intervene as appellees in this appeal, which the Panel granted over the objection of the Debtor.

## POSITIONS OF THE PARTIES

### I.    The Debtor

The Debtor asserts that "all parties"—including the Creditors—waived the credit counseling requirement. He further maintains that he timely obtained credit counseling on May 13, 2023. The Debtor adds that the P.R. Bankruptcy Court "ignored" that "no counseling exists" where he resides—Nevis and St. Kitts—and the credit counseling requirement was, therefore, inapplicable under Taal v. Sumski (In re Taal), 504 B.R. 682 (B.A.P. 1st Cir. 2014). Additionally, the Debtor cites In re Hess, 347 B.R. 489, 501 (Bankr. D. Vt. 2006), for the proposition that § 109(h)'s credit counseling requirement is "waivable" where no one is

---

[6] Although the Debtor attempted to appeal various other orders entered in his bankruptcy case (including the order denying his motion for stay pending appeal and the order granting the request for extension of time to file a complaint objecting to discharge or dischargeability filed by the then-chapter 7 trustee), the Panel entered judgments of partial dismissal with respect to his appeals of those orders. All that remains at this juncture is his appeal of the Dismissal Order.

objecting and there are exceptional circumstances. The Debtor maintains that the P.R. Bankruptcy Court ignored a purported ruling by the Texas Bankruptcy Court that the case would not be dismissed on account of his ineligibility to be a debtor under § 109. Finally, the Debtor asserts that, under § 707(a), he was entitled to an evidentiary hearing on the issue of his "timely compliance" before the P.R. Bankruptcy Court dismissed his case.

## II.    The Creditors

The Creditors argue that the Debtor's completion of the required credit counseling on May 13, 2023, "after the date of filing his petition," was untimely. They also contend the Debtor did not file with his petition a certification under § 109(h)(3) describing exigent circumstances that merited a temporary waiver of § 109(h)(1)'s requirement. Despite the Debtor's assertion to the contrary, the Creditors insist that they did not waive the Debtor's creditor counseling requirement. In support, the Creditors highlight that, in their May 31, 2024 motion for relief from the automatic stay, they noted the Debtor's failure to satisfy the creditor counseling requirement. In addition, the Creditors maintain, bankruptcy courts do not have the authority to waive the counseling requirement. The Creditors also challenge the Debtor's argument that he was unable to obtain credit counseling because he lived overseas, maintaining the Debtor's argument was belied by: (a) his earlier representations that he was unable to obtain the required counseling due to problems with his credit card; and (b) his online completion of the credit counseling course on May 13, 2023, the day after the Texas Bankruptcy Court denied his motion for a 30-day temporary waiver of the counseling requirement.

Characterizing this appeal as frivolous, the Creditors ask the Panel to impose sanctions against the Debtor.

## APPELLATE JURISDICTION

The Panel has jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy court. 28 U.S.C. § 158(a)-(c). A bankruptcy court order dismissing a chapter 7 case is a final, appealable order. <u>Asociación de Titulares de Condominio Castillo v. DiMarco (In re Asociación de Titulares de Condominio Castillo)</u>, 581 B.R. 346, 354 (B.A.P. 1st Cir. 2018); <u>see also</u> <u>Shoup v. McDermott</u>, No. 3:18CV968, 2018 WL 3328861, at *1 (N.D. Ohio July 6, 2018); <u>Pal Family Tr. v. Ticor Title Ins.</u>, 490 B.R. 480, 482 (S.D.N.Y. 2013).

## STANDARDS OF REVIEW

The Panel reviews the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. <u>In re Eldorado Canyon Props., LLC</u>, 505 B.R. 601, 603 (B.A.P. 1st Cir. 2014); <u>see also</u> <u>Werthen v. Werthen (In re Werthen)</u>, 329 F.3d 269, 272 (1st Cir. 2003). The dismissal of a chapter 7 case is reviewed for an abuse of discretion. <u>See</u> <u>In re Eldorado Canyon Props., LLC</u>, 505 B.R. at 603; <u>Roberts v. Boyajian (In re Roberts)</u>, 279 B.R. 396, 399 (B.A.P. 1st Cir. 2000), <u>aff'd</u>, 279 F.3d 91 (1st Cir. 2002). The bankruptcy court's determination of the existence of exigent circumstances under subdivision (i) of § 109(h)(3)(A) or the compliance with the requirements of subdivision (ii) of § 109(h)(3)(A) is also reviewed for an abuse of discretion. <u>Dixon v. LaBarge (In re Dixon)</u>, 338 B.R. 383, 387 (B.A.P. 8th Cir. 2006); <u>see also</u> <u>In re Taal</u>, 504 B.R. at 686. "A court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." <u>In re Eldorado Canyon Props., LLC</u>, 505 B.R. at 603-04 (citation and internal quotation marks omitted).

## DISCUSSION

**I.      The Standard:  Section 109(h) and the Credit Counseling Requirement**

Section 109(h)(1) "requires, as a condition to eligibility for bankruptcy relief, that within 180 days prior to an individual debtor's bankruptcy filing, the debtor receive (1) a briefing as to

9

available opportunities for credit counseling, and (2) assistance in performing a budget analysis

from a nonprofit credit counseling agency, approved ordinarily by the United States Trustee

(collectively, 'credit counseling')." Mendez v. Salven (In re Mendez), 367 B.R. 109, 114

(B.A.P. 9th Cir. 2007); see also 11 U.S.C § 109(h)(1); In re Taal, 504 B.R. at 685 ("[D]ebtors

must take the required credit counseling course within 180 days prior to the petition date and

must file a certificate of compliance within 14 days of filing the petition.") (citing 11 U.S.C.

§ 521(b)(1); Fed. R. Bankr. P. 1007(c)).  The credit counseling requirement "is central, not

peripheral, to the bankruptcy process since compliance with Section 109(h) is a prerequisite to

obtaining relief under the bankruptcy code."  In re Mitrano, 409 B.R. 812, 818 (E.D. Va. 2009).

"By definition, an individual may not be a debtor who is eligible for bankruptcy relief unless [the

individual] has complied with Section 109(h)."  Id. (citations omitted).

### A.    Exceptions to the Pre-Petition Credit Counseling Requirement

"[T]here are three exceptions to the § 109(h)(1) credit counseling requirement."  In re

Taal, 504 B.R. at 685.  First, pursuant to § 109(h)(2)(A), if the United States trustee or

bankruptcy administrator determines that there are no approved agencies "reasonably able to

provide adequate services" in a district, then debtors who reside in that district are excused from

complying with the requirements of § 109(h)(1).  11 U.S.C. § 109(h)(2)(A); see also In re Taal,

504 B.R. at 685; In re Vollmer, 361 B.R. 811, 813 (Bankr. E.D. Va. 2007) (stating

"§ 109(h)(2)(A) provides for a permanent waiver of the credit counseling requirement" under the

conditions specified therein).  "[M]any courses are available in every district, so that this

provision is not likely to be invoked . . . ."  Collier on Bankruptcy ¶ 727.13 (Richard Levin &

Henry J. Sommer eds., 16th ed.).  "Because the counseling can be performed by telephone or

over the Internet, . . . no district has been the subject of a determination that credit counseling is

unavailable . . . ."  Id. at ¶ 20.04 n.42.

Second, § 109(h)(3) provides for a deferment of the credit counseling requirement (of up to 30 days) where a debtor "submits to the court a certification that—(i) describes exigent circumstances that merit a waiver" of the requirement; (ii) "states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services . . . during the 7-day period beginning on the date on which the debtor made that request;" and (iii) "is satisfactory to the court."  11 U.S.C. § 109(h)(3)(A)-(B); see also In re Mitrano, 409 B.R. at 816.  "[T]he three requirements of Section 109(h)(3)(A) are conjunctive, and a debtor therefore must assert sufficient facts in the certificate to satisfy all three requirements to be eligible for a deferral."  In re Mitrano, 409 B.R. at 816 (citations omitted). "For 'cause' shown, the debtor can obtain up to an additional fifteen days postpetition to receive the required credit counseling."  In re Mendez, 367 B.R. at 114 (citations omitted).

 Third, § 109(h)(4) sets forth exceptions to the credit counseling requirement for debtors who are unable to complete credit counseling "because of incapacity, disability, or active military duty in a military combat zone."  11 U.S.C. § 109(h)(4).  The § 109(h)(4) exceptions are not implicated in this appeal.

**B.    Consequences for Failure to Comply with § 109(h)**

The Bankruptcy Code is silent regarding the consequence for failing to comply with the pre-petition credit counseling requirement.  See Robertson v. Kremen, No. WDQ-12-0342, 2012 WL 1999499, at *3 (D. Md. June 1, 2012); In re Crawford, 420 B.R. 833, 837 (Bankr. D.N.M. 2009).  "The majority of courts considering the issue have found that dismissal of the case is mandatory if the debtor failed to comply with the credit counseling requirement of . . . § 109(h)." In re Crawford, 420 B.R. at 838; see also Hayes v. Fay Servicing, LLC, No. 6:22-cv-00063, 2023 WL 2541129, at *3 (W.D. Va. Mar. 16, 2023) (affirming dismissal for noncompliance with

§ 109(h)(1)); <u>Leavers v. McLaughlin</u>, 648 F. Supp. 3d 671, 678 (D. Md. 2023) (recognizing that a majority of courts dismiss for noncompliance with § 109(h)); <u>In re Fiorillo</u>, 455 B.R. 297, 306 (D. Mass. 2011) (acknowledging the majority view, noting the First Circuit has not yet confronted the issue, and declining to resolve it); <u>In re Dixon</u>, 338 B.R. at 389 (observing that "virtually every court that has visited th[e] issue" has held that once the determination of ineligibility under § 109(h)(1) is made, "dismissal of the case is appropriate"); <u>In re Johnson</u>, No. 17-00182, 2017 WL 1740309, at *3 (Bankr. D.D.C. May 3, 2017) ("If . . . the court determines that a debtor is ineligible under § 109(h)(1) to be a debtor . . . , the court cannot disregard the statute and is obligated to dismiss the case unless § 109(h)(1) is being invoked in circumstances in which a dismissal would create an abuse of the bankruptcy system . . . ."); <u>In re Stinnie</u>, 555 B.R. 530, 536 (Bankr. W.D. Va. 2016) ("It is well established that if an individual is ineligible to be a debtor in bankruptcy, it is fitting for the bankruptcy court to dismiss the case.") (citations omitted); <u>In re Falcone</u>, 370 B.R. 462, 465 (Bankr. D. Mass. 2007) (dismissing petition because the debtor failed to certify that she sought credit counseling *before* filing her petition).

Moreover, numerous courts have held that "although the eligibility requirements of section 109(h) may not be jurisdictional, they are also not freely waivable . . . ." <u>In re Stinnie</u>, 555 B.R. at 534 (citation and internal quotation marks omitted); <u>see also</u> <u>In re Mitrano</u>, 409 B.R. at 817 ("The bankruptcy court decisions in this district have generally subscribed to the view that there is no discretion in applying the requirements of Section 109(h)."); <u>In re Bain</u>, No. 08-13395-SSM, 2008 WL 2570831, at *2 (Bankr. E.D. Va. June 23, 2008); <u>In re Ross</u>, 338 B.R. 134, 136 (Bankr. N.D. Ga. 2006). As one court reasoned: "To routinely waive the requirements is akin to simply ignoring the requirements." <u>In re Stinnie</u>, 555 B.R. at 534.[7]

---

[7] There are some circumstances, however, where courts will typically waive the requirement. For example, most courts waive the requirement when the debtor is attempting to use noncompliance to manipulate dismissal for its own benefit. <u>Simon v. Amir (In re Amir)</u>, 436 B.R. 1, 20-21 (B.A.P. 6th Cir.

## II.     The Standard Applied

### A.     Eligibility to be a Debtor

In dismissing the Debtor's case, the P.R. Bankruptcy Court concluded that he was ineligible to be a debtor under § 109(h)(1).  The record reflects that the Debtor obtained the required credit counseling two days after the filing of his petition without having obtained a deferral of the requirement.  Thus, the P.R. Bankruptcy Court's finding that the Debtor did not satisfy the credit counseling requirement is not clearly erroneous.  The next question becomes whether the record supports the P.R. Bankruptcy Court's finding that the Debtor was not excused from satisfying the requirement.

Here, the Debtor did not properly or timely invoke any of the statutory exceptions to the credit counseling requirement below; nor does the record suggest that he qualified for them.  First, to the extent that § 109(h)(2) applies to the unavailability of counseling services within "a district," that section has no application in this case, where the Debtor resided abroad—not in a district of the United States courts where the United States trustee (or a bankruptcy administrator) has made a determination of unavailability required by that subsection.

---

2010); see also In re Fiorillo, 455 B.R. at 306.  Additionally, courts waive the requirement where the debtor's case has been fully administered, is ripe for discharge, and no prejudice would ensue from allowing the case to proceed.  See In re Mattingly, No. 08-10883-WCH, 2008 WL 2559387, at *1 (Bankr. D. Mass. June 23, 2008) (waiving the requirement where the debtor reasonably attempted to comply, no party in interest objected, and the case was fully administered); In re Henderson, 364 B.R. 906, 915 (Bankr. N.D. Tex. 2007) (concluding debtors made "earnest attempts" to comply and "an injustice would occur" if court did not allow case to proceed); In re Hess, 347 B.R. at 498 & 500 (concluding courts have discretion to dismiss a case based on a debtor's failure to meet the eligibility requirement of § 109(h) in cases "where to decline to exercise discretion would result in manifest injustice" and there was no prejudice to creditors); see also In re Vollmer, 361 B.R. at 813-15 (excusing compliance with the requirements of § 109(h) where compliance was impossible by virtue of debtor's incarceration, as debtor had no access to either a telephone or the internet).

Second, the Debtor's assertion on appeal that credit counseling services were unavailable in St. Kitts and Nevis may be a belated attempt to invoke the § 109(h)(3) exigency exception. Because the Debtor never made that argument in the bankruptcy court, however, it is waived. See Abdallah v. Bain Cap. LLC, 752 F.3d 114, 121 (1st Cir. 2014) (stating arguments made for the first time on appeal are waived); Khan v. Bankowski (In re Khan), 375 B.R. 5, 13 (B.A.P. 1st Cir. 2007) (stating arguments not raised in the bankruptcy court cannot be raised for the first time on appeal). In any event, even if the Panel were to consider the "unavailability" argument, it would fail. Because the credit counseling can be performed by telephone or over the internet, and the Debtor never argued that he lacked access to either, his argument that the counseling services were unavailable is unpersuasive. Indeed, the "unavailability" argument is unsupported by the record: (1) when the Debtor filed his petition, he disclosed, not that the counseling was unavailable, but rather that his credit card "was unable to be charged"; and (2) the Debtor obtained the counseling on May 13, 2023—one day after the Texas Bankruptcy Court ordered him to do so pursuant to the First OSC. Moreover, in the request for a temporary waiver submitted with his petition, the Debtor did not set forth any imminent event or exigency that impelled him to file his petition instead of waiting to file until he received credit counseling. Thus, the P.R. Bankruptcy Court did not abuse its discretion in determining that he failed to describe exigent circumstances that merited a waiver. See In re Johnson, 2017 WL 1740309, at *2 (finding lack of exigency under analogous circumstances).

Not only are the statutory exceptions inapplicable, but there is also nothing in the record to suggest either the Texas Bankruptcy Court or the Creditors waived the credit counseling requirement, notwithstanding the Debtor's assertions to the contrary. In the Order Denying

Credit Counseling Extension, the Texas Bankruptcy Court refrained from issuing a waiver of the requirement.  While it is not entirely clear what the Texas Bankruptcy Court intended when it expressed its "hope that parties in interest would elect to waive this eligibility issue in light of Debtor's *pro se* status" if he obtained the required credit counseling by May 26, 2023, one thing is clear: the Texas Bankruptcy Court explicitly ruled that "the Debtor failed to provide sufficient justification to merit a temporary waiver of the requirements imposed by 11 U.S.C. § 109(h)." Moreover, the record simply does not support the Debtor's interpretation that either the Texas Bankruptcy Court or the Creditors waived the credit counseling requirement.  It is equally clear that the Creditors had not acquiesced in the Debtor's failure to satisfy the credit counseling requirement, as evidenced by the assertions set forth in their motion for relief from stay.  Also absent from the record are any of the limited circumstances that might have justified a waiver of the requirement by the P.R. Bankruptcy Court (assuming our circuit permitted such waivers), such as: an attempt by the Debtor to use the noncompliance to manipulate dismissal for his own benefit, Amir, 436 B.R. at 20-21; the full administration of the Debtor's case, or that the case was ripe for discharge, and no prejudice would ensue from allowing the case to proceed, In re Mattingly, 2008 WL 2559387, at *1; that dismissal would result in "manifest injustice," Hess, 347 B.R. at 501; or that no parties in interest object.  In re Henderson, 364 B.R. at 906.

Nothing in the record suggests that the P.R. Bankruptcy Court clearly erred in finding that the Debtor failed to satisfy the credit counseling requirement or abused its discretion when it found that the Debtor failed to satisfy the requirements that would have entitled him to a temporary waiver of the pre-petition credit counseling requirement under § 109(h)(3).

The Debtor's argument that he was entitled to an evidentiary hearing under § 707(a) does not alter our analysis.  It is true that dismissal of a chapter 7 case under that section requires

"notice and a hearing." See 11 U.S.C. § 707(a) (stating "[t]he court may dismiss a case under

this chapter only after notice and a hearing . . .").  However, the bankruptcy court did not dismiss

the Debtor's case pursuant to § 707(a); instead, it dismissed the case pursuant to § 109(h), after

concluding—at least implicitly—that dismissal was mandatory due to the Debtor's ineligibility

to be a debtor.  In so doing, presumably the P.R. Bankruptcy Court relied (also implicitly) on

§ 105(a), which empowered it "to exercise its equitable powers . . . to facilitate the

implementation of other Bankruptcy Code provisions,"[8] Bessette v. Avco Fin. Servs., Inc., 230

F.3d 439, 444 (1st Cir. 2000) (citation and internal quotation marks omitted), and on its inherent

authority to manage its own docket.  See Dietz v. Bouldin, 579 U.S.40, 47 (2016) (stating a

court's inherent authority includes the court's power to "manage [its] dockets with a view toward

the efficient and expedient resolution of cases"); see also Torres-Álamo v. Puerto Rico, 502 F.3d

20, 25 (1st Cir. 2007) ("A district court, as part of its inherent power to manage its own docket,

may dismiss a case for any of the reasons prescribed in Federal Rule of Civil Procedure 41(b),

including failure of the plaintiff to comply with any order of the court.") (citation omitted).

   Even if we construed the dismissal in this instance as one under § 707(a) (which we do

not), § 102(1)(A) defines the phrase, "after notice and a hearing" to mean "such notice as is

appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate

in the particular circumstances[.]"  See 11 U.S.C. § 102(1)(A).  This means that in chapter 7

cases an evidentiary hearing is not always required.  See In re Fernandez Rosado, No. 07-05871,

2010 WL 1005190, at *3 (Bankr. D.P.R. Mar. 15, 2010) (stating, in the context of a chapter 7

dismissal, "after proper notice is given, a hearing is not required under" certain circumstances,

---

[8]  Section 105(a) provides: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."  11 U.S.C. § 105(a).

including when "no party in interest timely requests" one). Moreover, "[t]he bankruptcy court has the discretion to decide an issue without holding an evidentiary hearing." Ross v. Garcia (In re Garcia), 532 B.R. 173, 182 (B.A.P. 1st Cir. 2015) (citations omitted).

Here, the record provided ample evidence upon which the P.R. Bankruptcy Court could base its decision, including the very certificate of credit counseling furnished by the Debtor. See Rockstone Cap. LLC v. Metal, 508 B.R. 552, 559 (E.D.N.Y. 2014) (stating a bankruptcy court does not abuse its discretion in reaching a decision without conducting an evidentiary hearing where the record provided ample evidence). There is no indication that the Debtor lacked notice or an opportunity to present his arguments in opposition to the looming threat of dismissal. He was present at the February 28, 2024 status conference and the P.R. Bankruptcy Court's docket is replete with the Debtor's submissions filed in response to the Second OSC. Moreover, the Debtor's insistence on a hearing comes too late, as there is no indication in the record that he explicitly and timely requested a hearing below. See 11 U.S.C. § 102(1)(B)(i) (stating the phrase "'after notice and a hearing' . . . authorizes an act without an actual hearing if such notice is given properly and if such a hearing is not requested timely by a party in interest").

Based on the above analysis, we conclude that the P.R. Bankruptcy Court did not abuse its discretion in deciding not to hold an evidentiary hearing and properly determined that the Debtor did not qualify to be a debtor. Because one ground is sufficient for dismissal, our analysis ends here, with a conclusion that the P.R. Bankruptcy Court did not abuse its discretion in dismissing the Debtor's case under § 109(h)(1) and § 105(a). See In re Mitrano, 409 B.R. at 819 (citing § 105, and stating "bankruptcy courts necessarily have authority to dismiss cases *sua sponte* where the filer has failed to satisfy § 109(h) and consequently is not an eligible debtor"). Accordingly, we need not examine the bankruptcy court's other grounds for dismissal. See Vaqueria Las Martas, Inc. v. Condado 5, LLC (In re Vaqueria Las Martas, Inc.), 638 B.R. 482,

499 (B.A.P. 1st Cir. 2022) (similarly declining to analyze bankruptcy court's alternative grounds for dismissal of chapter 12 case, after affirming on one statutory ground).

## **CONCLUSION**

For the foregoing reasons, we **AFFIRM** the Dismissal Order.  The Creditors' sanctions request is **DENIED**.  <u>See</u> Fed. R. Bankr. P. 8020(a) (requiring sanctions request to be raised by a "separate motion"); <u>see also</u> <u>Aziz v. U.S. Bank, NA (In re Aziz)</u>, BAP No. AZ-16-1133-BTaF, 2017 WL 3494805, at *4 (B.A.P. 9th Cir. Aug. 3, 2017) (denying sanctions request for failure to comply with separate motion requirement).

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

_____

### BAP NO. PR 24-011
_____

### Bankruptcy Case No. 23-02870-MCF
_____

### CHARLES MUSZYNSKI,
### Debtor.

_____

### CHARLES MUSZYNSKI,
### Appellant,

v.

**MILLENNIUM FUNDING, INC., on behalf of itself and as
successor in interest to LF2 Productions, Inc.; VOLTAGE HOLDINGS, LLC;
AMBI DISTRIBUTION CORP., on behalf of itself and as successor in interest to
Paradox Studios, Rupture CAL, Inc., FSMQ Film, LLC, and FW Productions, LLC;
HANNIBAL MEDIA, INC., on behalf of itself and as successor in interest to
I Am Wrath Production, Inc. and Justice Everywhere Productions LLC;
AFTER PRODUCTIONS, LLC; AFTER II MOVIE, LLC;
MORGAN CREEK PRODUCTIONS, INC.;
VOLTAGE PICTURES, LLC, as successor in interest to Bedeviled LLC;
MILLENNIUM MEDIA, INC.; COLOSSAL MOVIE PRODUCTIONS, LLC;
YAR PRODUCTIONS, INC.; MILLENNIUM IP, INC.;
KILLING LINK DISTRIBUTION, LLC; BADHOUSE STUDIOS, LLC;
LHF PRODUCTIONS, INC.; VENICE PI, LLC; RAMBO V PRODUCTIONS, INC.;
MON, LLC; SF FILM, LLC; SPEED KILLS PRODUCTIONS, INC.;
NIKOLA PRODUCTIONS, INC.; WONDER ONE, LLC;
BODYGUARD PRODUCTIONS, INC.; OUTPOST PRODUCTIONS, INC.;
GLACIER FILMS I, LLC; DEFINITION DELAWARE LLC;
HANNIBAL CLASSICS, INC.; DALLAS BUYERS CLUB, LLC;
STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC;
SCREEN MEDIA VENTURES, LLC; 42 VENTURES, LLC;
and
ROBERTO ROMAN VALENTIN, Chapter 7 Trustee,
Appellees.**

_____

## JUDGMENT

This cause came to be heard on appeal from the United States Bankruptcy Court for the District of Puerto Rico.  Upon consideration thereof, and in accordance with the Opinion entered of even date, it is hereby **ORDERED AND ADJUDGED** that the bankruptcy court's May 21, 2024 order dismissing Charles Muszynski's chapter 7 bankruptcy case is **AFFIRMED**.

FOR THE PANEL:

Dated: March 7, 2025             By:     /s/ Leslie C. Storm
                                          Leslie C. Storm, Clerk

cc:
By email: Hon. Mildred Cabán; and Charles Muszynski;
By CM/ECF: Clerk, U.S. Bankruptcy Court, District of Puerto Rico; and Kerry Culpepper, Esq.;
Roberto Roman-Valentin, Esq.; Monsita Lecaroz Arribas, Esq.

# United States Court of Appeals
## For the First Circuit

---

### NOTICE OF APPEARANCE

**No.** PR 23-02870          **Short Title:** In re: Charles Muszynski

The Clerk will enter my appearance as counsel on behalf of *(please list names of all parties represented, using additional sheet(s) if necessary)*:

Charles Muszynski, pro se                                                                 as the

[✔] appellant(s)                [  ] appellee(s)                [  ] amicus curiae

[  ] petitioner(s)               [  ] respondent(s)              [  ] intervenor(s)

| | |
|---|---|
| /s/ Charles Muszynski | 28 March 2025 |
| Signature | Date |
| Charles Muszynski | |
| Name | |
| n/a | 424-333-0569 |
| Firm Name (if applicable) | Telephone Number |
| P. O. Box 1423 | n/a |
| Address | Fax Number |
| Basseterre, St. Kitts, W.I. | usfilefolder@protonmail.com |
| City, State, Zip Code | Email (required) |

Court of Appeals Bar Number: n/a

Has this case or any related case previously been on appeal?

[  ] No          [✔] Yes   Court of Appeals No. 1st Cir. BAP 24-11

===========================================================================

**Attorneys for both appellant and appellee must file a notice of appearance within 14 days of case opening**. New or additional counsel may enter an appearance outside the 14 day period; however, a notice of appearance may not be filed after the appellee/respondent brief has been filed without leave of court. 1st Cir. R. 12.0(a).

**Counsel must complete and file this notice of appearance in order to file pleadings in this court**. Counsel not yet admitted to practice before this court must promptly submit a bar application. 1st Cir. R. 46.0(a)(2).

# UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210
(617) 748-9057
www.ca1.uscourts.gov

## DOCKETING STATEMENT INSTRUCTIONS

1.    Counsel for appellant must file a docketing statement for every case appealed or cross appealed to the First Circuit Court of Appeals.  The docketing statement must be received by the court of appeals clerk's office within fourteen days after the case is docketed to be deemed timely filed.  Copies must be served on all parties to the action below and proof of service must be attached.

2.    The attorney filing the notice of appeal is responsible for filing the docketing statement, even if different counsel will handle the appeal.  In the case of multiple appellants represented by separate counsel, the parties must confer and decide who will file the docketing statement. Appellants proceeding pro se may file a docketing statement, but are not required to do so.

3.    Counsel's failure to file the docketing statement within the time set forth will cause the court to initiate the process for dismissal of the appeal under 1st Cir. R. 3.0.

4.    If an opposing party concludes that the docketing statement is in any way inaccurate, incomplete or misleading, that party should file any additions or corrections to the docketing statement within fourteen days of service of the docketing statement, with copies to all other parties.

5.    You must attach to the docketing statement:

   •    Additional pages containing extended answers to questions on this form.

   •    A certificate of service for this docketing statement indicating it has been served on all parties to the action below, if required by Fed. R. App. P. 25(d)(B).

# United States Court of Appeals
## For the First Circuit

———————————

**DOCKETING STATEMENT**

**No.** 23-02870      **Short Title:** In re: Charles Muszynski

**Type of Action**

- ☑ Civil
- ☐ Criminal/Prisoner
- ☐ Cross Appeal

A. Timeliness of Appeal
1. Date of entry of judgment or order appealed from <u>21 May 2024</u>
2. Date this notice of appeal filed <u>23 March 2025</u>
   If cross appeal, date first notice of appeal filed <u>n/a</u>
3. Filing date of any post-judgment motion filed by any party which tolls time under Fed. R. App. P. 4(a)(4) or 4(b) <u>n/a</u>
4. Date of entry of order deciding above post-judgment motion <u>n/a</u>
5. Filing date of any motion to extend time under Fed. R. App. P. 4(a)(5), 4(a)(6) or 4(b) <u>n/a</u>
   Time extended to <u>n/a</u>

B. Finality of Order or Judgment
1. Is the order or judgment appealed from a final decision on the merits? ☑ Yes    ☐ No
2. If no,
   a. Did the district court order entry of judgment as to fewer than all claims or all parties pursuant to Fed. R. C. P. 54(b)? ☐ Yes    ☐ No
      If yes, explain_____
   b. Is the order appealed from a collateral or interlocutory order reviewable under any exception to the finality rule? ☐ Yes    ☐ No
      If yes, explain_____

C. Has this case previously been appealed? ☑ Yes    ☐ No
   If yes, give the case name, docket number and disposition of each prior appeal
   <u>Charles Muszynski v. Roman Valentin, BAP 24-11, Docs. ##57, 58; affirmed.</u>

D. Are any related cases or cases raising related issues pending in this court, any district court of this circuit, or the Supreme Court? ☐ Yes    ☑ No
   If yes, cite the case and manner in which it is related on a separate page. If abeyance or consolidation is warranted, counsel must file a separate motion seeking such relief.

E. Were there any in-court proceedings below?  ☑ Yes   ☐ No
   If yes, is a transcript necessary for this appeal?  ☑ Yes   ☐ No
   If yes, is transcript already on file with district court?  ☑ Yes   ☐ No

F. List each adverse party to the appeal.  If no attorney, give address and telephone number of the adverse party. Attach additional page if necessary.

   1. Adverse party _Roberto Valentin, Trustee_____
      Attorney _Roberto Velentin_____
      Address _PO BOX 9024003   SAN JUAN PR 00902-4063_____
      Telephone _787-763-2823_____

   2. Adverse party_____
      Attorney_____
      Address_____
      Telephone_____

   3. Adverse party_____
      Attorney_____
      Address_____
      Telephone_____

G. List name(s) and address(es) of appellant(s) who filed this notice of appeal and appellant's counsel. Attach additional page if necessary.

   1. Appellant's name _Charles Muszynski, pro se_____
      Address _P. O. Box 1423, Basseterre, St. Kitts, W.I._____
      Telephone _424-333-0569_____

      Attorney's name _n/a_____
      Firm_____
      Address_____
      Telephone_____

   2. Appellant's name_____
      Address_____
      Telephone_____

      Attorney's name_____
      Firm_____
      Address_____
      Telephone_____

   Will you be handling the appeal? (In criminal cases counsel below will handle the appeal unless relieved by this court.)  ☑ Yes   ☐ No

Fed. R. App. P. 12(b) provides that each attorney who files a notice of appeal must file with the clerk of the court of appeals a statement naming each party represented on appeal by that attorney. 1st Cir. R. 12.0 requires that statement in the form of an appearance.

Signature  /s/ Charles Muszynski

Date  28 March 2025

## UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

Case name ___In re: Charles Muszynski___

District Court Case No. ___PR 23-02870___     District of ___Puerto Rico___

Date Notice of Appeal filed ___28 March 2025___     Court of Appeals Case No. _____

Form filed on behalf of ___Charles Muszynski___

## TRANSCRIPT REPORT

Transcript Not Necessary for this Appeal _____

Transcript Already Filed in District Court. List each transcript by docket entry number and date and type of proceeding (attach separate page if necessary) 1) 11 April 2023, Discovery Hearing, Doc. #152; 2) 12 May 2023, Discovery Hearing, Doc. #153; 3. 2 June 2023, 341(a) meeting, Doc. #176
4. 30 June 2023, Preliminary Hearing, Doc. #136; 5. 22 August 2023, Evidentiary Hearing, Doc. #134; 6. 28 February 2024, "Status Hearing", Doc. #177

## TRANSCRIPT ORDER

Name of Court Reporter ___a___

Phone Number of Reporter _____

A. _____ **This constitutes an order of the transcript of the following proceedings [check appropriate box(es) and indicate dates of hearing(s)]:**

PROCEEDING(S)                           HEARING DATE(S)

☐ Jury Voir Dire

☐ Opening Statement (plaintiff)

☐ Opening Statement (defendant)

☐ Trial

☐ Closing Argument (plaintiff)

☐ Closing Argument (defendant)

☐ Findings of Fact/Conclusions of Law

☐ Jury Instructions

☐ Change of Plea

☐ Sentencing

☐ Bail hearing

☐ Pretrial proceedings (specify) _____

☐ Testimony (specify ) _____

☐ Other (specify) _____

NOTE: Any form that fails to specify in adequate detail those proceedings to be transcribed will be considered deficient.

B. ✔ **I certify that I have contacted the court reporter and the following financial arrangements for payment of the transcript have been made:**

☒ Private funds.

☐ Government expense (civil case). IFP status has been granted and a motion for transcript at government expense has been allowed. (Attach a copy of the order to each copy of this order form.)

☐ Criminal Justice Act. A CJA Form 24 has been approved by the district court judge.

☐ Criminal Justice Act. A CJA Form 24 is attached for authorization by the court of appeals.

☐ Federal Public Defender/Government Counsel - no CJA Form 24 necessary.

Filer's name ___Charles Muszynski___     Filer's Signature ___/s/ Charles Muszynski___

Firm/Address ___P. O. Box 1423, Basseterre, St. Kitts, W.I.___     Filer's Email address ___usfilefolder@protonmail.com___

Telephone number ___424-333-0569___     Date mailed to court reporter ___All transcripts already on record___

(Court Reporter Use ONLY) Date received _____

Form CA1-10 (6/09/09)                **SEE INSTRUCTIONS ON REVERSE**

# UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

## TRANSCRIPT REPORT/ORDER FORM

This form must be completed by any party that files a notice of appeal to the First Circuit and by any party that wishes to order a transcript for an appeal. **A Transcript Report/Order Form that fails to comply with these instructions will be deemed non-compliant. In addition, the appeal will be subject to dismissal pursuant to 1st Cir. R. 3.0(b) and 10.0(a) if appellant fails to timely file a Transcript Report/Order Form.**

### TRANSCRIPT REPORT INSTRUCTIONS

If a transcript is not necessary for the appeal, or the transcript is already completed and filed with the district court, only the Transcript Report section needs to be completed. Appellant must file the completed Transcript Report Form with the Court of Appeals Clerk's Office, accompanied by proof of service on opposing parties, within 14 days after the case is docketed in the Court of Appeals.

### TRANSCRIPT ORDER INSTRUCTIONS

If a transcript is being ordered, the Transcript Order section of the form must be completed. The completed Transcript Order Form must be filed with the court reporter in the district court within 14 days after filing the notice of appeal. Fed. R. App. P. 10(b). <u>Do not submit this form until financial arrangements have been made with the court reporter</u>. Appellant must file the completed Transcript Order Form with the Court of Appeals Clerk's Office and one copy with the district court clerk's office, accompanied by proof of service on opposing parties, within 14 days after the case is docketed in the Court of Appeals.

### CRIMINAL JUSTICE ACT INSTRUCTIONS

Any party ordering transcripts at government expense under the Criminal Justice Act must also complete a CJA Form 24, Authorization and Voucher for Payment of Transcripts. The voucher must be authorized by either the district court judge or the circuit court judge prior to the order being placed with the court reporter. Both the Transcript Order Form and CJA Form 24 must indicate with specificity those proceedings to be transcribed. The transcript order will be considered timely for purposes of Fed. R. App. P. 10(b) and 1st Cir. R. 3.0(b) and 10.0(a) if a completed Transcript Order Form and a CJA Form 24 in need of authorization are received by the Court of Appeals Clerk's Office within 14 days of the docketing of the appeal. The Clerk's Office will forward the Transcript Order Form and authorized CJA Form 24 to the court reporter.

**NOTE**: A separate Transcript Order Form (and if necessary, a CJA Form 24) must be completed for each court reporter from whom a transcript is requested.

### COURT REPORTER'S DUTIES

The court reporter should indicate on the Transcript Order Form the date of receipt of the form. Once the Transcript Order Form is filed in the Court of Appeals, the Clerk's Office will send a Transcript Order Acknowledgment to the court reporter noting the deadline for production of the transcript. If the court reporter *promptly* returns the Acknowledgment indicating that the transcript order is incomplete for any reason, the deadline may be suspended until the party ordering the transcript cures the deficiency. If the court reporter cannot complete the transcript by the deadline, he or she must file a motion for extension in the Court of Appeals. Fed. R. App. P. 11(b). An extension of time does not waive the mandatory fee reductions, which shall take effect after 60 days if the transcript order is not completed and a waiver has not been granted. Once the transcript is complete, the court reporter must file a copy with the district court and provide the ordering party with a copy.

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# FOR THE FIRST CIRCUIT

---

**BAP NO. PR 24-011**

---

**Bankruptcy Case No. 23-02870-MCF**

---

**CHARLES MUSZYNSKI,**
**Debtor.**

---

**CHARLES MUSZYNSKI,**
**Appellant,**

v.

**MILLENNIUM FUNDING, INC., on behalf of itself and as**
**successor in interest to LF2 Productions, Inc.; VOLTAGE HOLDINGS, LLC;**
**AMBI DISTRIBUTION CORP., on behalf of itself and as successor in interest to**
**Paradox Studios, Rupture CAL, Inc., FSMQ Film, LLC, and FW Productions, LLC;**
**HANNIBAL MEDIA, INC., on behalf of itself and as successor in interest to**
**I Am Wrath Production, Inc. and Justice Everywhere Productions LLC;**
**AFTER PRODUCTIONS, LLC; AFTER II MOVIE, LLC;**
**MORGAN CREEK PRODUCTIONS, INC.;**
**VOLTAGE PICTURES, LLC, as successor in interest to Bedeviled LLC;**
**MILLENNIUM MEDIA, INC.; COLOSSAL MOVIE PRODUCTIONS, LLC;**
**YAR PRODUCTIONS, INC.; MILLENNIUM IP, INC.;**
**KILLING LINK DISTRIBUTION, LLC; BADHOUSE STUDIOS, LLC;**
**LHF PRODUCTIONS, INC.; VENICE PI, LLC; RAMBO V PRODUCTIONS, INC.;**
**MON, LLC; SF FILM, LLC; SPEED KILLS PRODUCTIONS, INC.;**
**NIKOLA PRODUCTIONS, INC.; WONDER ONE, LLC;**
**BODYGUARD PRODUCTIONS, INC.; OUTPOST PRODUCTIONS, INC.;**
**GLACIER FILMS I, LLC; DEFINITION DELAWARE LLC;**
**HANNIBAL CLASSICS, INC.; DALLAS BUYERS CLUB, LLC;**
**STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC;**
**SCREEN MEDIA VENTURES, LLC; 42 VENTURES, LLC;**
**and**
**ROBERTO ROMAN VALENTIN, Chapter 7 Trustee,**
**Appellees.**

---

## <u>JUDGMENT</u>

This cause came to be heard on appeal from the United States Bankruptcy Court for the District of Puerto Rico.  Upon consideration thereof, and in accordance with the Opinion entered of even date, it is hereby **ORDERED AND ADJUDGED** that the bankruptcy court's May 21, 2024 order dismissing Charles Muszynski's chapter 7 bankruptcy case is **AFFIRMED**.

                                        FOR THE PANEL:


Dated: March 7, 2025                    By:    /s/ Leslie C. Storm
                                        Leslie C. Storm, Clerk




cc:
By email: Hon. Mildred Cabán; and Charles Muszynski;
By CM/ECF: Clerk, U.S. Bankruptcy Court, District of Puerto Rico; and Kerry Culpepper, Esq.;
Roberto Roman-Valentin, Esq.; Monsita Lecaroz Arribas, Esq.

**FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL FOR THE FIRST CIRCUIT

———————————————

**BAP NO. PR 24-011**

———————————————

**Bankruptcy Case No. 23-02870-MCF**

———————————————

**CHARLES MUSZYNSKI,**
**Debtor.**

———————————————

**CHARLES MUSZYNSKI,**
**Appellant,**

v.

**MILLENNIUM FUNDING, INC., on behalf of itself and as**
**successor in interest to LF2 Productions, Inc.; VOLTAGE HOLDINGS, LLC;**
**AMBI DISTRIBUTION CORP., on behalf of itself and as successor in interest to**
**Paradox Studios, Rupture CAL, Inc., FSMQ Film, LLC, and FW Productions, LLC;**
**HANNIBAL MEDIA, INC., on behalf of itself and as successor in interest to**
**I Am Wrath Production, Inc. and Justice Everywhere Productions LLC;**
**AFTER PRODUCTIONS, LLC; AFTER II MOVIE, LLC;**
**MORGAN CREEK PRODUCTIONS, INC.;**
**VOLTAGE PICTURES, LLC, as successor in interest to Bedeviled LLC;**
**MILLENNIUM MEDIA, INC.; COLOSSAL MOVIE PRODUCTIONS, LLC;**
**YAR PRODUCTIONS, INC.; MILLENNIUM IP, INC.;**
**KILLING LINK DISTRIBUTION, LLC; BADHOUSE STUDIOS, LLC;**
**LHF PRODUCTIONS, INC.; VENICE PI, LLC; RAMBO V PRODUCTIONS, INC.;**
**MON, LLC; SF FILM, LLC; SPEED KILLS PRODUCTIONS, INC.;**
**NIKOLA PRODUCTIONS, INC.; WONDER ONE, LLC;**
**BODYGUARD PRODUCTIONS, INC.; OUTPOST PRODUCTIONS, INC.;**
**GLACIER FILMS I, LLC; DEFINITION DELAWARE LLC;**
**HANNIBAL CLASSICS, INC.; DALLAS BUYERS CLUB, LLC;**
**STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC;**
**SCREEN MEDIA VENTURES, LLC; 42 VENTURES, LLC;**
**and**
**ROBERTO ROMAN VALENTIN, Chapter 7 Trustee,**
**Appellees.**

_____

**Before**
**Cary, Panos, and Katz,**
**United States Bankruptcy Appellate Panel Judges.**

_____

**Charles Muszynski, pro se, on brief for Appellant.**
**Kerry S. Culpepper, Esq., on brief for All Listed Appellees (Except Roberto Roman**
**Valentin, Chapter 7 Trustee).**
**No brief filed for Appellee, Roberto Roman Valentin, Chapter 7 Trustee.**

_____

**March 7, 2025**

_____

**Cary, U.S. Bankruptcy Appellate Panel Judge.**

The bankruptcy court dismissed Charles Muszynski's chapter 7 case on several grounds, including his failure to complete the credit counseling required under § 109(h)(1) within the prescribed period, and Muszynski appealed.[1]  For the reasons set forth below, we **AFFIRM**.

## BACKGROUND

### I.    Texas Bankruptcy Court Proceedings

On May 11, 2023, Charles Muszynski (the "Debtor") filed a chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Eastern District of Texas (the "Texas Bankruptcy Court"), listing as creditors the above-named appellees (except for the chapter 7 trustee, and hereinafter collectively the "Creditors").

The Debtor filed with his petition a request for a 30-day temporary waiver of the credit counseling briefing requirement under § 109(h)(1).  He explained his efforts to obtain the briefing and the reason he was unable to obtain it before filing for bankruptcy as follows:

> Due to an inability to pay the fee for the counseling services as my credit card has not been able to be charged, I was unable to obtain the counseling services in advance of filing.  I will get the card reactivated and complete the counseling before May 18, 2023.  NONE of my debt is related to irresponsible credit use or profligate spending.  The entire reason for filing is a default judgment for $15,000,000.00 in Miami Federal Court . . . .  There will be NO ISSUE with having the course completed and reported to the Court by the end of business on 18 May.

On May 12, 2023, the Texas Bankruptcy Court entered an order denying the Debtor's motion for an extension of time to satisfy the credit counseling requirement (the "Order Denying Credit Counseling Extension"), reasoning:

> The voluntary petition form provides specific instructions [for] debtors choosing to seek a temporary waiver of the credit counseling requirement, including a directive to "attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy,

---

[1]  Unless otherwise noted, references to "Bankruptcy Code" or to specific statutory sections are to 11 U.S.C. §§ 101-1532.

and what exigent circumstance required you to file this case."  No separate explanation was provided by Debtor, and . . . § 109(h)(3)(A) does not authorize this Court to extend the time for compliance with this requirement unless the prerequisites stated therein are met, including that a request for credit counseling services was actually made but could not be fulfilled prior to the filing of the petition.  The request contained in the voluntary petition, without more, does not satisfy those prerequisites.

Concluding that the Debtor "failed to provide sufficient justification to merit a temporary waiver of the requirements imposed by . . . § 109(h)," the Texas Bankruptcy Court ordered the Debtor to "fulfill the credit counseling requirement immediately but in any case not later than . . . May 26, 2023," and refused to waive the requirement, stating:

If such requirement is fulfilled prior to this date, the Court would hope that parties in interest would elect to waive this eligibility issue in light of Debtor's *pro se* status, thereby avoiding a possible pointless re-filing and the necessity of conducting a stay continuation hearing.

. . . [T]he request for waiver of the credit counseling requirement contained in the voluntary petition filed by the above-referenced Debtor, Charles Muszynski, on May 11, 2023, is otherwise **DENIED**.

On July 5, 2023, the Texas Bankruptcy Court issued an order to show cause to the Debtor (the "First OSC"), directing him to demonstrate why the case should not be dismissed for lack of eligibility to be a debtor pursuant to § 109(a)[2] or, alternatively, why venue should not be transferred under 28 U.S.C. § 1408 as it appeared the Debtor had no domicile, residence, or place of business in Texas.

Thereafter, in his July 31, 2023 response to the First OSC, the Debtor asserted he qualified as a debtor because he had a bank account in Texas and furniture in Puerto Rico.  The Debtor also filed a motion requesting the transfer of the case to the U.S. Bankruptcy Court for the District of Puerto Rico (the "P.R. Bankruptcy Court").

---

[2]  Section 109 is entitled "Who may be a debtor."  11 U.S.C. § 109.  Subsection (a) provides that "only a person that resides or has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor under this title."  11 U.S.C. § 109(a).

After conducting an evidentiary hearing on the First OSC, the Texas Bankruptcy Court issued an order on August 23, 2023, declining to dismiss the case on the grounds of the Debtor's eligibility under § 109(a).[3]  The Texas Bankruptcy Court also issued an order transferring the case to the U.S. District Court for the District of Puerto Rico for reference to the P.R. Bankruptcy Court.[4]

## II.    Developments in the P.R. Bankruptcy Court

After conducting a status conference on February 28, 2024, the P.R. Bankruptcy Court issued an order (the "Second OSC") directing the Debtor to demonstrate why the case should not be dismissed for: (1) "failure to fully disclose his financial resources"; and (2) "lack of eligibility to be a debtor pursuant to . . . § 109(h)."  Because our disposition of this appeal turns on the latter prong of the Second OSC, we do not examine events relating to the former.

In response to the Second OSC, the Debtor filed a copy of a credit counseling certificate which stated he received a briefing from an approved agency that complied with the provisions of § 109(h) on May 13, 2023.  In a pleading accompanying the certificate, the Debtor maintained that he "timely paid and completed the preliminary credit counseling course" on May 13, 2023. The Debtor made no reference to the timing requirements for the credit counseling briefing pursuant to § 109(h) or to the requirements for a temporary waiver of the briefing under § 109(h)(3).  He did state, however, that he had "no printer access, no scanning access, no PACER access, and was not afforded a level playing field for electronic filing" in the Texas Bankruptcy Court.

---

[3]  The Debtor's interpretation of the Texas Bankruptcy Court's ruling—namely, that the court declined to dismiss on the grounds of his failure to satisfy § 109(h)—is not supported by the record.

[4]  Accordingly, the Debtor's motion to transfer venue was denied as moot.

In a separate pleading captioned "Response to Sua Sponte Order To Show Cause . . . ," the Debtor defended his eligibility to be a debtor by asserting that he "timely paid and completed the preliminary credit counseling course."

After consideration of the Debtor's responses to the Second OSC, on May 21, 2024, the P.R. Bankruptcy Court issued an opinion and order dismissing the Debtor's chapter 7 case (the "Dismissal Order") for several reasons, including his "lack of eligibility to be a debtor" under § 109(h)(1), citing his failure to satisfy the pre-petition credit counseling requirement or to obtain a deferral of the requirement.[5]  In dismissing the Debtor's case on § 109(h)(1) grounds, the P.R. Bankruptcy Court acknowledged the Debtor's assertion that he obtained credit counseling on May 13, 2023, but noted that: (1) the counseling was late, having occurred two days after the petition date; and (2) the Debtor failed to "meet the requirements that would have entitled him to a temporary waiver [of] the pre-petition credit counseling requirement, pursuant to . . . § 109(h)(3)," namely, "the required certification describing the exigent circumstances that merited a waiver of the requirement."  The P.R. Bankruptcy Court added:

> Although Debtor certified that he asked for credit counseling services from an approved agency but was unable to obtain those services during the seven days after he made the request, he failed to explain the efforts made to obtain counseling prior to filing for bankruptcy and the reasons for which he was unable to obtain the credit counseling before the petition date.

Having found that the Debtor neither satisfied the credit counseling requirement under § 109(h)(1) nor the requirements for a temporary waiver under § 109(h)(3), the court concluded he was ineligible to be a debtor under § 109(h)(1).

---

[5] The P.R. Bankruptcy Court also cited the Debtor's failure to comply with: (1) his duty of full disclosure under § 521; and (2) a court order to provide all the required financial information.  As previously noted, these grounds for dismissal are not the focus of our disposition.

The Debtor filed an amended motion for stay pending appeal with the P.R. Bankruptcy Court, which that court denied. The P.R. Bankruptcy Court also denied the Debtor's motion to vacate the Dismissal Order.

## III.    The Appeal

The Debtor filed his initial notice of appeal from the Dismissal Order on June 18, 2024.[6] Thereafter, he filed a request for a stay pending appeal with the Panel, which the Panel denied.

The Debtor then filed a motion for reconsideration of the stay denial with the Panel, arguing for the first time that the Texas Bankruptcy Court waived the credit counseling requirement. The Panel denied the Debtor's reconsideration request.

The Creditors filed a motion to intervene as appellees in this appeal, which the Panel granted over the objection of the Debtor.

## <u>POSITIONS OF THE PARTIES</u>

## I.    The Debtor

The Debtor asserts that "all parties"—including the Creditors—waived the credit counseling requirement. He further maintains that he timely obtained credit counseling on May 13, 2023. The Debtor adds that the P.R. Bankruptcy Court "ignored" that "no counseling exists" where he resides—Nevis and St. Kitts—and the credit counseling requirement was, therefore, inapplicable under <u>Taal v. Sumski (In re Taal)</u>, 504 B.R. 682 (B.A.P. 1st Cir. 2014). Additionally, the Debtor cites <u>In re Hess</u>, 347 B.R. 489, 501 (Bankr. D. Vt. 2006), for the proposition that § 109(h)'s credit requirement is "waivable" where no one is

---

[6] Although the Debtor attempted to appeal various other orders entered in his bankruptcy case (including the order denying his motion for stay pending appeal and the order granting the request for extension of time to file a complaint objecting to discharge or dischargeability filed by the then-chapter 7 trustee), the Panel entered judgments of partial dismissal with respect to his appeals of those orders. All that remains at this juncture is his appeal of the Dismissal Order.

objecting and there are exceptional circumstances. The Debtor maintains that the P.R. Bankruptcy Court ignored a purported ruling by the Texas Bankruptcy Court that the case would not be dismissed on account of his ineligibility to be a debtor under § 109. Finally, the Debtor asserts that, under § 707(a), he was entitled to an evidentiary hearing on the issue of his "timely compliance" before the P.R. Bankruptcy Court dismissed his case.

## II.     The Creditors

The Creditors argue that the Debtor's completion of the required credit counseling on May 13, 2023, "after the date of filing his petition," was untimely. They also contend the Debtor did not file with his petition a certification under § 109(h)(3) describing exigent circumstances that merited a temporary waiver of § 109(h)(1)'s requirement. Despite the Debtor's assertion to the contrary, the Creditors insist that they did not waive the Debtor's creditor counseling requirement. In support, the Creditors highlight that, in their May 31, 2024 motion for relief from the automatic stay, they noted the Debtor's failure to satisfy the creditor counseling requirement. In addition, the Creditors maintain, bankruptcy courts do not have the authority to waive the counseling requirement. The Creditors also challenge the Debtor's argument that he was unable to obtain credit counseling because he lived overseas, maintaining the Debtor's argument was belied by: (a) his earlier representations that he was unable to obtain the required counseling due to problems with his credit card; and (b) his online completion of the credit counseling course on May 13, 2023, the day after the Texas Bankruptcy Court denied his motion for a 30-day temporary waiver of the counseling requirement.

Characterizing this appeal as frivolous, the Creditors ask the Panel to impose sanctions against the Debtor.

## APPELLATE JURISDICTION

The Panel has jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy court.  28 U.S.C. § 158(a)-(c).  A bankruptcy court order dismissing a chapter 7 case is a final, appealable order.  Asociación de Titulares de Condominio Castillo v. DiMarco (In re Asociación de Titulares de Condominio Castillo), 581 B.R. 346, 354 (B.A.P. 1st Cir. 2018); see also Shoup v. McDermott, No. 3:18CV968, 2018 WL 3328861, at *1 (N.D. Ohio July 6, 2018); Pal Family Tr. v. Ticor Title Ins., 490 B.R. 480, 482 (S.D.N.Y. 2013).

## STANDARDS OF REVIEW

The Panel reviews the bankruptcy court's findings of fact for clear error and its conclusions of law de novo.  In re Eldorado Canyon Props., LLC, 505 B.R. 601, 603 (B.A.P. 1st Cir. 2014); see also Werthen v. Werthen (In re Werthen), 329 F.3d 269, 272 (1st Cir. 2003).  The dismissal of a chapter 7 case is reviewed for an abuse of discretion.  See In re Eldorado Canyon Props., LLC, 505 B.R. at 603; Roberts v. Boyajian (In re Roberts), 279 B.R. 396, 399 (B.A.P. 1st Cir. 2000), aff'd, 279 F.3d 91 (1st Cir. 2002).  The bankruptcy court's determination of the existence of exigent circumstances under subdivision (i) of § 109(h)(3)(A) or the compliance with the requirements of subdivision (ii) of § 109(h)(3)(A) is also reviewed for an abuse of discretion.  Dixon v. LaBarge (In re Dixon), 338 B.R. 383, 387 (B.A.P. 8th Cir. 2006); see also In re Taal, 504 B.R. at 686.  "A court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact."  In re Eldorado Canyon Props., LLC, 505 B.R. at 603-04 (citation and internal quotation marks omitted).

## DISCUSSION

**I.     The Standard:  Section 109(h) and the Credit Counseling Requirement**

Section 109(h)(1) "requires, as a condition to eligibility for bankruptcy relief, that within 180 days prior to an individual debtor's bankruptcy filing, the debtor receive (1) a briefing as to

available opportunities for credit counseling, and (2) assistance in performing a budget analysis from a nonprofit credit counseling agency, approved ordinarily by the United States Trustee (collectively, 'credit counseling')." <u>Mendez v. Salven (In re Mendez)</u>, 367 B.R. 109, 114 (B.A.P. 9th Cir. 2007); <u>see also</u> 11 U.S.C § 109(h)(1); <u>In re Taal</u>, 504 B.R. at 685 ("[D]ebtors must take the required credit counseling course within 180 days prior to the petition date and must file a certificate of compliance within 14 days of filing the petition.") (citing 11 U.S.C. § 521(b)(1); Fed. R. Bankr. P. 1007(c)). The credit counseling requirement "is central, not peripheral, to the bankruptcy process since compliance with Section 109(h) is a prerequisite to obtaining relief under the bankruptcy code." <u>In re Mitrano</u>, 409 B.R. 812, 818 (E.D. Va. 2009). "By definition, an individual may not be a debtor who is eligible for bankruptcy relief unless [the individual] has complied with Section 109(h)." <u>Id.</u> (citations omitted).

### A.     Exceptions to the Pre-Petition Credit Counseling Requirement

"[T]here are three exceptions to the § 109(h)(1) credit counseling requirement." <u>In re Taal</u>, 504 B.R. at 685. First, pursuant to § 109(h)(2)(A), if the United States trustee or bankruptcy administrator determines that there are no approved agencies "reasonably able to provide adequate services" in a district, then debtors who reside in that district are excused from complying with the requirements of § 109(h)(1). 11 U.S.C. § 109(h)(2)(A); <u>see also</u> <u>In re Taal</u>, 504 B.R. at 685; <u>In re Vollmer</u>, 361 B.R. 811, 813 (Bankr. E.D. Va. 2007) (stating "§ 109(h)(2)(A) provides for a permanent waiver of the credit counseling requirement" under the conditions specified therein). "[M]any courses are available in every district, so that this provision is not likely to be invoked . . . ." <u>Collier on Bankruptcy</u> ¶ 727.13 (Richard Levin & Henry J. Sommer eds., 16th ed.). "Because the counseling can be performed by telephone or over the Internet, . . . no district has been the subject of a determination that credit counseling is unavailable . . . ." <u>Id.</u> at ¶ 20.04 n.42.

Second, § 109(h)(3) provides for a deferment of the credit counseling requirement (of up to 30 days) where a debtor "submits to the court a certification that—(i) describes exigent circumstances that merit a waiver" of the requirement; (ii) "states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services . . . during the 7-day period beginning on the date on which the debtor made that request;" and (iii) "is satisfactory to the court." 11 U.S.C. § 109(h)(3)(A)-(B); see also In re Mitrano, 409 B.R. at 816. "[T]he three requirements of Section 109(h)(3)(A) are conjunctive, and a debtor therefore must assert sufficient facts in the certificate to satisfy all three requirements to be eligible for a deferral." In re Mitrano, 409 B.R. at 816 (citations omitted). "For 'cause' shown, the debtor can obtain up to an additional fifteen days postpetition to receive the required credit counseling." In re Mendez, 367 B.R. at 114 (citations omitted).

Third, § 109(h)(4) sets forth exceptions to the credit counseling requirement for debtors who are unable to complete credit counseling "because of incapacity, disability, or active military duty in a military combat zone." 11 U.S.C. § 109(h)(4). The § 109(h)(4) exceptions are not implicated in this appeal.

### B.    Consequences for Failure to Comply with § 109(h)

The Bankruptcy Code is silent regarding the consequence for failing to comply with the pre-petition credit counseling requirement. See Robertson v. Kremen, No. WDQ-12-0342, 2012 WL 1999499, at *3 (D. Md. June 1, 2012); In re Crawford, 420 B.R. 833, 837 (Bankr. D.N.M. 2009). "The majority of courts considering the issue have found that dismissal of the case is mandatory if the debtor failed to comply with the credit counseling requirement of . . . § 109(h)." In re Crawford, 420 B.R. at 838; see also Hayes v. Fay Servicing, LLC, No. 6:22-cv-00063, 2023 WL 2541129, at *3 (W.D. Va. Mar. 16, 2023) (affirming dismissal for noncompliance with

§ 109(h)(1)); <u>Leavers v. McLaughlin</u>, 648 F. Supp. 3d 671, 678 (D. Md. 2023) (recognizing that a majority of courts dismiss for noncompliance with § 109(h)); <u>In re Fiorillo</u>, 455 B.R. 297, 306 (D. Mass. 2011) (acknowledging the majority view, noting the First Circuit has not yet confronted the issue, and declining to resolve it); <u>In re Dixon</u>, 338 B.R. at 389 (observing that "virtually every court that has visited th[e] issue" has held that once the determination of ineligibility under § 109(h)(1) is made, "dismissal of the case is appropriate"); <u>In re Johnson</u>, No. 17-00182, 2017 WL 1740309, at *3 (Bankr. D.D.C. May 3, 2017) ("If . . . the court determines that a debtor is ineligible under § 109(h)(1) to be a debtor . . . , the court cannot disregard the statute and is obligated to dismiss the case unless § 109(h)(1) is being invoked in circumstances in which a dismissal would create an abuse of the bankruptcy system . . . ."); <u>In re Stinnie</u>, 555 B.R. 530, 536 (Bankr. W.D. Va. 2016) ("It is well established that if an individual is ineligible to be a debtor in bankruptcy, it is fitting for the bankruptcy court to dismiss the case.") (citations omitted); <u>In re Falcone</u>, 370 B.R. 462, 465 (Bankr. D. Mass. 2007) (dismissing petition because the debtor failed to certify that she sought credit counseling *before* filing her petition).

Moreover, numerous courts have held that "although the eligibility requirements of section 109(h) may not be jurisdictional, they are also not freely waivable . . . ." <u>In re Stinnie</u>, 555 B.R. at 534 (citation and internal quotation marks omitted); <u>see also</u> <u>In re Mitrano</u>, 409 B.R. at 817 ("The bankruptcy court decisions in this district have generally subscribed to the view that there is no discretion in applying the requirements of Section 109(h).");  <u>In re Bain</u>, No. 08-13395-SSM, 2008 WL 2570831, at *2 (Bankr. E.D. Va. June 23, 2008); <u>In re Ross</u>, 338 B.R. 134, 136 (Bankr. N.D. Ga. 2006).  As one court reasoned: "To routinely waive the requirements is akin to simply ignoring the requirements."  <u>In re Stinnie</u>, 555 B.R. at 534.[7]

---

[7] There are some circumstances, however, where courts will typically waive the requirement.  For example, most courts waive the requirement when the debtor is attempting to use noncompliance to manipulate dismissal for its own benefit.  <u>Simon v. Amir (In re Amir)</u>, 436 B.R. 1, 20-21 (B.A.P. 6th Cir.

## II.    The Standard Applied

### A.    Eligibility to be a Debtor

In dismissing the Debtor's case, the P.R. Bankruptcy Court concluded that he was ineligible to be a debtor under § 109(h)(1).  The record reflects that the Debtor obtained the required credit counseling two days after the filing of his petition without having obtained a deferral of the requirement.  Thus, the P.R. Bankruptcy Court's finding that the Debtor did not satisfy the credit counseling requirement is not clearly erroneous.  The next question becomes whether the record supports the P.R. Bankruptcy Court's finding that the Debtor was not excused from satisfying the requirement.

Here, the Debtor did not properly or timely invoke any of the statutory exceptions to the credit counseling requirement below; nor does the record suggest that he qualified for them. First, to the extent that § 109(h)(2) applies to the unavailability of counseling services within "a district," that section has no application in this case, where the Debtor resided abroad—not in a district of the United States courts where the United States trustee (or a bankruptcy administrator) has made a determination of unavailability required by that subsection.

---

2010); see also In re Fiorillo, 455 B.R. at 306.  Additionally, courts waive the requirement where the debtor's case has been fully administered, is ripe for discharge, and no prejudice would ensue from allowing the case to proceed.  See In re Mattingly, No. 08-10883-WCH, 2008 WL 2559387, at *1 (Bankr. D. Mass. June 23, 2008) (waiving the requirement where the debtor reasonably attempted to comply, no party in interest objected, and the case was fully administered); In re Henderson, 364 B.R. 906, 915 (Bankr. N.D. Tex. 2007) (concluding debtors made "earnest attempts" to comply and "an injustice would occur" if court did not allow case to proceed); In re Hess, 347 B.R. at 498 & 500 (concluding courts have discretion to dismiss a case based on a debtor's failure to meet the eligibility requirement of § 109(h) in cases "where to decline to exercise discretion would result in manifest injustice" and there was no prejudice to creditors); see also In re Vollmer, 361 B.R. at 813-15 (excusing compliance with the requirements of § 109(h) where compliance was impossible by virtue of debtor's incarceration, as debtor had no access to either a telephone or the internet).

Second, the Debtor's assertion on appeal that credit counseling services were unavailable in St. Kitts and Nevis may be a belated attempt to invoke the § 109(h)(3) exigency exception. Because the Debtor never made that argument in the bankruptcy court, however, it is waived. See Abdallah v. Bain Cap. LLC, 752 F.3d 114, 121 (1st Cir. 2014) (stating arguments made for the first time on appeal are waived); Khan v. Bankowski (In re Khan), 375 B.R. 5, 13 (B.A.P. 1st Cir. 2007) (stating arguments not raised in the bankruptcy court cannot be raised for the first time on appeal). In any event, even if the Panel were to consider the "unavailability" argument, it would fail. Because the credit counseling can be performed by telephone or over the internet, and the Debtor never argued that he lacked access to either, his argument that the counseling services were unavailable is unpersuasive. Indeed, the "unavailability" argument is unsupported by the record: (1) when the Debtor filed his petition, he disclosed, not that the counseling was unavailable, but rather that his credit card "was unable to be charged"; and (2) the Debtor obtained the counseling on May 13, 2023—one day after the Texas Bankruptcy Court ordered him to do so pursuant to the First OSC. Moreover, in the request for a temporary waiver submitted with his petition, the Debtor did not set forth any imminent event or exigency that impelled him to file his petition instead of waiting to file until he received credit counseling. Thus, the P.R. Bankruptcy Court did not abuse its discretion in determining that he failed to describe exigent circumstances that merited a waiver. See In re Johnson, 2017 WL 1740309, at *2 (finding lack of exigency under analogous circumstances).

Not only are the statutory exceptions inapplicable, but there is also nothing in the record to suggest either the Texas Bankruptcy Court or the Creditors waived the credit counseling requirement, notwithstanding the Debtor's assertions to the contrary. In the Order Denying

Credit Counseling Extension, the Texas Bankruptcy Court refrained from issuing a waiver of the requirement. While it is not entirely clear what the Texas Bankruptcy Court intended when it expressed its "hope that parties in interest would elect to waive this eligibility issue in light of Debtor's *pro se* status" if he obtained the required credit counseling by May 26, 2023, one thing is clear: the Texas Bankruptcy Court explicitly ruled that "the Debtor failed to provide sufficient justification to merit a temporary waiver of the requirements imposed by 11 U.S.C. § 109(h)." Moreover, the record simply does not support the Debtor's interpretation that either the Texas Bankruptcy Court or the Creditors waived the credit counseling requirement. It is equally clear that the Creditors had not acquiesced in the Debtor's failure to satisfy the credit counseling requirement, as evidenced by the assertions set forth in their motion for relief from stay. Also absent from the record are any of the limited circumstances that might have justified a waiver of the requirement by the P.R. Bankruptcy Court (assuming our circuit permitted such waivers), such as: an attempt by the Debtor to use the noncompliance to manipulate dismissal for his own benefit, Amir, 436 B.R. at 20-21; the full administration of the Debtor's case, or that the case was ripe for discharge, and no prejudice would ensue from allowing the case to proceed, In re Mattingly, 2008 WL 2559387, at *1; that dismissal would result in "manifest injustice," Hess, 347 B.R. at 501; or that no parties in interest object. In re Henderson, 364 B.R. at 906.

Nothing in the record suggests that the P.R. Bankruptcy Court clearly erred in finding that the Debtor failed to satisfy the credit counseling requirement or abused its discretion when it found that the Debtor failed to satisfy the requirements that would have entitled him to a temporary waiver of the pre-petition credit counseling requirement under § 109(h)(3).

The Debtor's argument that he was entitled to an evidentiary hearing under § 707(a) does not alter our analysis. It is true that dismissal of a chapter 7 case under that section requires

"notice and a hearing."  See 11 U.S.C. § 707(a) (stating "[t]he court may dismiss a case under this chapter only after notice and a hearing . . .").  However, the bankruptcy court did not dismiss the Debtor's case pursuant to § 707(a); instead, it dismissed the case pursuant to § 109(h), after concluding—at least implicitly—that dismissal was mandatory due to the Debtor's ineligibility to be a debtor.  In so doing, presumably the P.R. Bankruptcy Court relied (also implicitly) on § 105(a), which empowered it "to exercise its equitable powers . . . to facilitate the implementation of other Bankruptcy Code provisions,"[8] Bessette v. Avco Fin. Servs., Inc., 230 F.3d 439, 444 (1st Cir. 2000) (citation and internal quotation marks omitted), and on its inherent authority to manage its own docket.  See Dietz v. Bouldin, 579 U.S.40, 47 (2016) (stating a court's inherent authority includes the court's power to "manage [its] dockets with a view toward the efficient and expedient resolution of cases"); see also Torres-Álamo v. Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007) ("A district court, as part of its inherent power to manage its own docket, may dismiss a case for any of the reasons prescribed in Federal Rule of Civil Procedure 41(b), including failure of the plaintiff to comply with any order of the court.") (citation omitted).

Even if we construed the dismissal in this instance as one under § 707(a) (which we do not), § 102(1)(A) defines the phrase, "after notice and a hearing" to mean "such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances[.]"  See 11 U.S.C. § 102(1)(A).  This means that in chapter 7 cases an evidentiary hearing is not always required.  See In re Fernandez Rosado, No. 07-05871, 2010 WL 1005190, at *3 (Bankr. D.P.R. Mar. 15, 2010) (stating, in the context of a chapter 7 dismissal, "after proper notice is given, a hearing is not required under" certain circumstances,

---

[8]  Section 105(a) provides: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."  11 U.S.C. § 105(a).

including when "no party in interest timely requests" one).  Moreover, "[t]he bankruptcy court has the discretion to decide an issue without holding an evidentiary hearing."  Ross v. Garcia (In re Garcia), 532 B.R. 173, 182 (B.A.P. 1st Cir. 2015) (citations omitted).

Here, the record provided ample evidence upon which the P.R. Bankruptcy Court could base its decision, including the very certificate of credit counseling furnished by the Debtor. See Rockstone Cap. LLC v. Metal, 508 B.R. 552, 559 (E.D.N.Y. 2014) (stating a bankruptcy court does not abuse its discretion in reaching a decision without conducting an evidentiary hearing where the record provided ample evidence).  There is no indication that the Debtor lacked notice or an opportunity to present his arguments in opposition to the looming threat of dismissal.  He was present at the February 28, 2024 status conference and the P.R. Bankruptcy Court's docket is replete with the Debtor's submissions filed in response to the Second OSC. Moreover, the Debtor's insistence on a hearing comes too late, as there is no indication in the record that he explicitly and timely requested a hearing below.  See 11 U.S.C. § 102(1)(B)(i) (stating the phrase "'after notice and a hearing' . . . authorizes an act without an actual hearing if such notice is given properly and if such a hearing is not requested timely by a party in interest").

Based on the above analysis, we conclude that the P.R. Bankruptcy Court did not abuse its discretion in deciding not to hold an evidentiary hearing and properly determined that the Debtor did not qualify to be a debtor.  Because one ground is sufficient for dismissal, our analysis ends here, with a conclusion that the P.R. Bankruptcy Court did not abuse its discretion in dismissing the Debtor's case under § 109(h)(1) and § 105(a).  See In re Mitrano, 409 B.R. at 819 (citing § 105, and stating "bankruptcy courts necessarily have authority to dismiss cases *sua sponte* where the filer has failed to satisfy § 109(h) and consequently is not an eligible debtor"). Accordingly, we need not examine the bankruptcy court's other grounds for dismissal.  See Vaqueria Las Martas, Inc. v. Condado 5, LLC (In re Vaqueria Las Martas, Inc.), 638 B.R. 482,

499 (B.A.P. 1st Cir. 2022) (similarly declining to analyze bankruptcy court's alternative grounds for dismissal of chapter 12 case, after affirming on one statutory ground).

## <u>CONCLUSION</u>

For the foregoing reasons, we **AFFIRM** the Dismissal Order.  The Creditors' sanctions request is **DENIED**.  <u>See</u> Fed. R. Bankr. P. 8020(a) (requiring sanctions request to be raised by a "separate motion"); <u>see also</u> <u>Aziz v. U.S. Bank, NA (In re Aziz)</u>, BAP No. AZ-16-1133-BTaF, 2017 WL 3494805, at *4 (B.A.P. 9th Cir. Aug. 3, 2017) (denying sanctions request for failure to comply with separate motion requirement).