# United States Court of Appeals
## For the First Circuit

No. 25-9003

IN RE: CHARLES MUSZYNSKI,

Debtor.

------------------------------

CHARLES MUSZYNSKI,

Appellant,

v.

ROBERTO ROMAN-VALENTIN, Chapter 7 Trustee; 42 VENTURES, LLC; AMBI DISTRIBUTION CORP., on behalf of itself and as successor in interest to Paradox Studios, Rupture CAL, Inc., FSMQ Film, LLC, and FW Productions, LLC; AFTER II MOVIE, LLC; AFTER PRODUCTIONS, LLC; BADHOUSE STUDIOS, LLC; BODYGUARD PRODUCTIONS, INC.; COLOSSAL MOVIE PRODUCTIONS, LLC.; DALLAS BUYERS CLUB, LLC; DEFINITION DELAWARE LLC; GLACIER FILMS 1, LLC; HANNIBAL CLASSICS INC.; HANNIBAL MEDIA, INC., on behalf of itself and as successor in interest to I Am Wrath Production, Inc. and Justice Everywhere Productions LLC; KILLING LINK DISTRIBUTION, LLC; LHF PRODUCTIONS, INC.; MON, LLC; MILLENNIUM FUNDING, INC., on behalf of itself and as successor in interest to Creditor LF2 Productions, Inc.; MILLENNIUM IP, INC.; MILLENNIUM MEDIA, INC.; MORGAN CREEK PRODUCTIONS, INC.; NIKOLA PRODUCTIONS, INC.; OUTPOST PRODUCTIONS, INC.; RAMBO V PRODUCTIONS, INC.; SF FILM, LLC; SCREEN MEDIA VENTURES, LLC; SPEED KILLS PRODUCTIONS, INC.; STATE OF THE UNION DISTRIBUTION AND COLLECTIONS, LLC; VENICE PI, LLC; VOLTAGE HOLDINGS, LLC; VOLTAGE PICTURES, LLC, as successor in interest to Bedeviled LLC; WONDER ONE, LLC; YAR PRODUCTIONS, INC.,

Appellees.

Before

Montecalvo, Rikelman, and Aframe,
Circuit Judges.

**JUDGMENT**

Entered: March 4, 2026

Debtor-Appellant Charles Muszynski appeals from a final order that entered in the Bankruptcy Court for the District of Puerto Rico, dismissing his Chapter 7 bankruptcy petition for two independent reasons. The appeal comes to this court by way of the Bankruptcy Appellate Panel (the "BAP"), which affirmed the bankruptcy court based on one of those reasons, namely, a lack of compliance with the Bankruptcy Code's credit-counseling requirement, see 11 U.S.C. § 109(h)(1), and a failure to show any excuse or exception from that requirement, see id. at §§ 109(h)(2)-(4). There was full briefing. Muszynski also has filed a separate motion. We construe Muszynski's pro se filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

In an appeal from the BAP we review the underlying decision by the bankruptcy court. See In re Jackson, 988 F.3d 583, 589 (1st Cir. 2021); In re Canning, 706 F.3d 64, 68–69 (1st Cir. 2013) ("When an appeal comes to us by way of the BAP, we independently scrutinize the underlying bankruptcy court decision."). In this posture, we will "review the bankruptcy court's legal conclusions *de novo*, its findings of fact for clear error, and its discretionary rulings for abuse of discretion." In re López-Muñoz, 983 F.3d 69, 71 (1st Cir. 2020) (internal quotation marks omitted).

After careful review, we conclude that Muszynski has no developed, compelling argument for any error or abuse of discretion by the bankruptcy court in its reasoning for dismissing his petition for a failure to comply with Section 109(h). Muszynski has waived or at least failed to develop any availing challenge to the effect that he complied with the credit counseling requirement, has failed to establish that any court ever excused him from that requirement or found he had complied with the requirement, has failed to establish that he ever qualified for any relevant exception to that requirement or made any showing of same, and has failed to show that any other party excused him from the requirement. See 11 U.S.C. § 109. Muszynski also has failed to show that an evidentiary hearing was necessary before dismissal of his petition.

Accordingly, the judgment of the bankruptcy court is hereby **AFFIRMED**. See Local Rule 27.0(c). Any other separate relief sought is hereby **DENIED**.

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Charles Muszynski, Roberto Roman-Valentin, Monsita Lecaroz-Arribas, Kerry Steven Culpepper